## EL PASO & NORTHEASTERN RAILWAY COMPANY *v.* GUTIERREZ, ADMINISTRATRIX.

ERROR TO THE SUPREME COURT OF THE STATE OF TEXAS.

No. 505.   Submitted October 11, 1909.—Decided November 15, 1909.

Where the effect of the judgment of the state court is to deny the defense that a statute of a Territory is a bar to the action, a claim of Federal right is denied and this court has jurisdiction under § 709, Rev. Stats., to review the judgment. *Atchison, Topeka & Santa Fe Ry.* v. *Sowers,* 213 U. S. 55.

The power of Congress to regulate commerce in the District of Columbia and Territories is plenary and does not depend on the commerce

clause, and a statute regulating such commerce necessarily supersedes a territorial statute on the same subject.

An act of Congress may be unconstitutional as measured by the commerce clause, and constitutional as measured by the power to govern the District of Columbia and the Territories, and the test of separability is whether Congress would have enacted the legislation exclusively for the District and the Territories.

The rule that the court must sustain an act of Congress as constitutional unless there is no doubt as to its unconstitutionality also requires the court to sustain the act in so far as it is possible to sustain it.

This court did not in its decision of the *Employers' Liability Cases*, 207 U. S. 463, hold the act of June 11, 1906, c. 3073, 34 Stat. 232, unconstitutional so far as it related to the District of Columbia and the Territories, and expressly refused to interpret the act as applying only to such employés of carriers in the District and Territories as were engaged in interstate commerce.

The evident intent of Congress in enacting the Employers' Liability Act of June 11, 1906, was to enact the curative provisions of the law as applicable to the District of Columbia and the Territories under its plenary power irrespective of the interstate commerce feature of the act, and although unconstitutional as to the latter as held in 207 U. S. 463, it is constitutional and paramount as to commerce wholly in the District and Territories.

The Employers' Liability Act of June 11, 1906, being a constitutional regulation of commerce in the District of Columbia and the Territories necessarily supersedes prior territorial legislation on the same subject and non-compliance by the plaintiff employé with a provision of a territorial statute (in this case of New Mexico) cannot be pleaded by the defendant employer as a bar to an action for personal injuries.

117 S. W. 426, affirmed, and *Hyde* v. *Southern Ry. Co.*, 31 App. D. C. approved.

THE facts, which involve the constitutionality of the Employers' Liability Law of June 11, 1906, c. 3073, 34 Stat. 232, as applied to the Territories of the United States, are stated in the opinion.

*Mr. W. C. Keegin, Mr. W. A. Hawkins* and *Mr. John Franklin* for plaintiff in error:

This court has jurisdiction to review the judgment of the

state court of Texas; the plaintiff in error as defendant below asserted the unconstitutionality of the Employers' Liability Act and that this case was controlled by the statute of New Mexico. The denial of this claim was the denial of a Federal right. *St. Louis &c. Ry. Co.* v. *Taylor,* 210 U. S. 281, 293; *Ill. Cent. R. R. Co.* v. *McKendree,* 203 U. S. 514. The statute of New Mexico has been upheld in this court. *A., T. & Santa Fe Ry.* v. *Sowers,* 213 U. S. 55. The Employers' Liability Act is void *in toto.* The decision of this court in 207 U. S. 463, forecloses that question. The statute is not separable as nothing shows that Congress would have enacted it exclusively as to the Territories. *Sprague* v. *Thompson,* 118 U. S. 90.

*Mr. F. G. Morris* for defendant in error:

This court does not have jurisdiction of the appeal. The New Mexico statute did not create a right of action but only improved conditions. *Klinger* v. *Missouri,* 13 Wall. 257; *Eustis.* v. *Bolles,* 150 U. S. 361; *Beaupré* v. *Noyes,* 138 U. S. 397.

The decision that the act of Congress and not the territorial statute controlled the case does not deny full faith and credit to the territorial statute. *United States* v. *Lynch,* 137 U. S. 280; *Balto. & Pot. R. R. Co.* v. *Hopkins,* 130 U. S. 210; *Johnson* v. *New York Life Ins. Co.,* 187 U. S. 491; *Smithsonian Institution* v. *St. John,* 214 U. S. 19.

No Federal right exists under a territorial statute in a state court which will support a writ of error from this court other than that provided for by the statute requiring it to be given full faith and credit. *A., T. & Santa Fe Ry.* v. *Sowers,* 213 U. S. 55.

The Employers' Liability Act is within the power of Congress to enact so far as applicable to the District of Columbia and the Territories, and that question is not affected by the decision of this court in 207 U. S. 463, which related only to the act as applicable to the States. The provisions as to the

District of Columbia and the Territories are separable from those as to the States and would have been independently enacted by Congress. *Hyde* v. *Southern Ry. Co.*, 31 App. D. C. 466; *Vial* v. *Penniman*, 103 U. S. 714; *Diamond Glue Co.* v. *United States Glue Co.*, 187 U. S. 611; *Florida Cent. R. R. Co.* v. *Schutte*, 103 U. S. 118.

MR. JUSTICE DAY delivered the opinion of the court.

In this case an action was commenced by Enedina Gutierrez, as administratrix of the estate of Antonio Gutierrez, in the District Court of El Paso County, Texas, against the El Paso and Northeastern Railway Company, to recover damages because of the death of the plaintiff's intestate by wrongful act while engaged in the service of the railway company, a common carrier in the Territory of New Mexico, on June 22, 1906. By way of special plea and answer the railway company set up a statute of the Territory of New Mexico, wherein it is provided that no actions for injuries inflicting death caused by any person or corporation in the Territory shall be maintained, unless the person claiming damages shall, within ninety days after the infliction of the injury complained of and thirty days before commencing suit, serve upon the defendant an affidavit covering certain particulars as to the injuries complained of, and containing the names and addresses of all witnesses of the happening of the alleged acts of negligence. Suit must be brought within one year, and in the District Court of the Territory in and for the county in which the injuries were received, or where the injured person resides; or, in a claim against a corporation, in the county of the Territory where the corporation has its principal place of business. This act is set out in full in the marginal note to the case of *Atchison, Topeka & Santa Fe Ry. Co.* v. *Sowers*, 213 U. S. 55.

The special answer sets forth that the accident happened in the Territory of New Mexico, while the statute was in full force, and that its terms and provisions were not complied with.

To the special answer the plaintiff below interposed a demurrer, and further, by way of supplemental petition, set forth that the injuries complained of happened after the passage of the so-called Employers' Liability Act, June 11, 1906, c. 3073, 34 Stat. 232. This act, the plaintiff alleged, controlled the liability of the defendant in the case. The District Court sustained the demurrer of the plaintiff to that part of the defendant's answer which set up the territorial act of New Mexico, to which ruling the railway company duly excepted. The case then went to trial to a jury upon issues made concerning the liability of the railway company under the Federal Employers' Liability Act of June 11, 1906. 34 Stat. 232. The result was a verdict and judgment in favor of the plaintiff against the railway company. The case was then taken to the Court of Civil Appeals of Texas, and that court held that it would not be governed by the territorial statutes, and that the Employers' Liability Act of June 11, 1906, was unconstitutional, upon the authority of *Employers' Liability Cases*, 207 U. S. 463, and certain cases in the Texas Court of Appeals. Upon rehearing a majority of the court held that the provisions of the New Mexico act as to the presentation of notice of claim for damages was a condition precedent to a cause of action, and that the trial court therefore erred in sustaining plaintiff's exception to that part of the defendant's answer which pleaded the territorial act and plaintiff's failure to present her claim in accordance with it. 111 S. W. Rep. 159. Thereupon the defendant took the case to the Supreme Court of Texas by writ of error, and that court held that the case was controlled by the act of Congress known as the Employers' Liability Act, 34 Stat. 232, and that the same was constitutional, and therefore held that the judgment of the Court of Civil Appeals should be reversed, and the original judgment of the District Court affirmed. 117 S. W. Rep. 426. From the judgment of the Supreme Court of the State a writ of error was prosecuted to this court.

Among other errors assigned is the failure of the Supreme

Court of Texas to give effect to the defense setting up the statute of New Mexico as a full defense to the action. While the Supreme Coν<sub></sub>rt of Texas in its opinion conceded that if the territorial act of New Mexico alone controlled the action the plaintiff must fail for non-compliance with its requirements, it reversed the judgment of the Court of Civil Appeals, and affirmed the judgment of the District Court, because in its opinion the liability was controlled by the Employers' Liability Act. The effect of this judgment of the Supreme Court of Texas was to deny the defense set up under the territorial act as a complete bar to the action. The District Court sustained the demurrer to the plea setting up this act, and thereby denied the rights specially set up under that statute, the Supreme Court of Texas overruled the Court of Civil Appeals and affirmed the judgment of the District Court. It thereby necessarily adjudicated the defense claimed under the territorial act against the railway company. If this defense sets up a Federal right within the meaning of § 709 of the Revised Statutes of the United States, then we have jurisdiction of the case. *Wabash R. R. Co.* v. *Adelbert College of Western Reserve University*, 208 U. S. 38, 44.

That the claim of immunity under the territorial act, because of the failure of the plaintiff in error to comply with its provisions as to the affidavit within ninety days, etc., presented a Federal question within the meaning of § 709 of the Revised Statutes, was decided in *Atchison, Topeka & Santa Fe Ry. Co.* v. *Sowers*, 213 U. S. 55, in which case it was held that where suit was brought in a state court a claim of defense under the provisions of the New Mexico statute was a claim of Federal right, which, when adversely adjudicated, gave jurisdiction to this court to review the judgment.

Coming to consider the merits: This court, in *Atchison, Topeka & Santa Fe Ry. Co.* v. *Sowers*, 213 U. S., *supra*, held that in order to give due faith and credit to the territorial statute, under § 906 of the Revised Statutes of the United

States, the plaintiff suing in a State must show compliance
with the preliminaries of notice and demand as required by
the territorial law.  As the answer in the present case set up
non-compliance with these requisites, and the state court
sustained a demurrer thereto, the judgment must be reversed,
unless the state court was right in denying the benefit of the
territorial act thus set up, because the Federal Employers'
Liability Act superseded the New Mexico law, and is constitu-
tional so far as the Territories are concerned.

   In view of the plenary power of Congress under the Consti-
tution over the Territories of the United States, subject only
to certain limitations and prohibitions not necessary to no-
tice now, there can be no doubt that an act of Congress
undertaking to regulate commerce in the District of Columbia
and the Territories of the United States would necessarily
supersede the territorial law regulating the same subject.

   Is the Federal Employers' Liability Act of June 11, 1906,
unconstitutional so far as it relates to common carriers en-
gaged in trade or commerce in the Territories of the United
States?  It has been suggested that this question is foreclosed
by a decision of this court in the *Employers' Liability Cases,*
207 U. S. 463.  In that case this court held that, con-
ceding the power of Congress to regulate the relations of
employer and employé engaged in interstate commerce, the
act of June 11, 1906, c. 3073, 34 Stat. 232, was unconstitu-
tional in this, that in its provisions regulating interstate
commerce Congress exceeded its constitutional authority in
undertaking to make employers responsible, not only to em-
ployés when engaged in interstate commerce, but to any of
its employés, whether engaged in interstate commerce or in
commerce wholly within a State.  That the unconstitution-
ality of the act, so far as it relates to the District of Columbia
and the Territories, was not determined is evident from a
consideration of the opinion of the court in the case.  In
answering the suggestion that the words "any employé" in
the statute should be so read as to mean only employés en-

gaged in interstate commerce, Mr. Justice White, delivering the opinion of the court, said:

"But this would require us to write into the statute words of limitation and restriction not found in it. But if we could bring ourselves to modify the statute by writing in the words suggested the result would be to restrict the operation of the act as to the District of Columbia and the Territories. We say this because immediately preceding the provision of the act concerning carriers engaged in commerce between the States and Territories is a clause making it applicable to 'every common carrier engaged in trade or commerce in the District of Columbia or in any Territory of the United States.' It follows, therefore, that common carriers in such Territories, even although not engaged in interstate commerce, are by the act made liable to 'any' of their employés, as therein defined. The legislative power of Congress over the District of Columbia and the Territories being plenary and not depending upon the interstate commerce clause, it results that the provision as to the District of Columbia and the Territories, if standing alone, could not be questioned. Thus it would come to pass, if we could bring ourselves to modify the statute by writing in the words suggested; that is, by causing the act to read 'any employé when engaged in interstate commerce,' we would restrict the act as to the District of Columbia and the Territories, and thus destroy it in an important particular. To write into the act the qualifying words, therefore, would be but adding to its provisions in order to save it in one aspect, and thereby to destroy it in another; that is, to destroy in order to save and to save in order to destroy." 207 U. S. 500.

A perusal of this portion of the opinion makes it evident that it was not intended to hold the act unconstitutional in so far as it related to the District of Columbia and the Territories, for it is there suggested that to interpolate in the act the qualifying words contended for would destroy the act in respect to the District of Columbia and the Territories by

limiting its operation in a field where Congress had plenary power, and did not depend for its authority upon the interstate commerce clause of the Constitution. The act in question is set forth in full in a note to *Employers' Liability Cases,* 207 U. S. 463, 490. We are-concerned in the present case with its first section only. This section reads:

"That every common carrier engaged in trade or commerce in the District of Columbia, or in any Territory of the United States, or between the several States, or between any Territory and another, or between any Territory or Territories and any State or States, or the District of Columbia, or with foreign nations, or between the District of Columbia and any State or States or foreign nations, shall be liable to any of its employés, or, in the case of his death, to his personal representative for the benefit of his widow and children, if any; if none, then for his parents; if none, then for his next of kin dependent upon him, for all damages which may result from the negligence of any of its officers, agents or employés, or by reason of any defect or any insufficiency due to its negligence in its cars, engines, appliances, machinery, track, roadbed, ways or works."

A perusal of the section makes it evident that Congress is here dealing, first, with trade or commerce in the District of Columbia and the Territories; and, second, with interstate commerce, commerce with foreign nations, and between the Territories and the States. As we have already indicated, its power to deal with trade or commerce in the District of Columbia and the Territories does not depend upon the authority of the interstate commerce clause of the Constitution. Upon the other hand, the regulation sought to be enacted as to commerce between the States and with foreign nations depends upon the authority of Congress granted to it by the Constitution to regulate commerce among the States and with foreign nations. As to the latter class, Congress was dealing with a liability ordinarily governed by state statutes, or controlled by the common law as administered in the

several States. The Federal power of regulation within the States is limited to the right of Congress to control transactions of interstate commerce; it has no authority to regulate commerce wholly of a domestic character. It was because Congress had exceeded its authority in attempting to regulate the second class of commerce named in the statute that this court was constrained to hold the act unconstitutional. The act undertook to fix the liability as to "any employé," whether engaged in interstate commerce or not, and, in the terms of the act, had so interwoven and blended the regulation of liability within the authority of Congress with that which was not that the whole act was held invalid in this respect.

It is hardly necessary to repeat what this court has often affirmed, that an act of Congress is not to be declared invalid except for reasons so clear and satisfactory as to leave no doubt of its unconstitutionality. Futhermore, it is the duty of the court, where it can do so without doing violence to the terms of an act, to construe it so as to maintain its constitutionality; and, whenever an act of Congress contains unobjectionable provisions separable from those found to be unconstitutional, it is the duty of this court to so declare, and to maintain the act in so far as it is valid. It was held in the *Employers' Liability Cases* that in order to sustain the act it would be necessary to write into its provisions words which it did not contain.

Coming to consider the statute in the light of the accepted rules of construction, we are of opinion that the provisions with reference to interstate commerce, which were declared unconstitutional for the reasons stated, are entirely separable from and in nowise dependent upon the provisions of the act regulating commerce within the District of Columbia and the Territories. Certainly these provisions could stand in separate acts, and the right to regulate one class of liability in nowise depends upon the other. Congress might have regulated the subject by laws applying alone to the Territories,

and left to the various States the regulation of the subject-matter within their borders, as had been the practice for many years.

It remains to inquire whether it is plain that Congress would have enacted the legislation had the act been limited to the regulation of the liability to employés engaged in commerce within the District of Columbia and the Territories. If we are satisfied that it would not, or that the matter is in such doubt that we are unable to say what Congress would have done omitting the unconstitutional feature, then the statute must fall. *Illinois Central R. R. Co.* v. *McKendree,* 203 U. S. 514; *Employers' Liability Cases,* 207 U. S. *supra.*

When we consider the purpose of Congress to regulate the liability of employer to employé, and its evident intention to change certain rules of the common law which theretofore prevailed as to the responsibility for negligence in the conduct of the business of transportation, we think that it is apparent that had Congress not undertaken to deal with this relation in the States where it had been regulated by local law, it would have dealt with the subject and enacted the curative provisions of the law applicable to the District of Columbia and the Territories over which its plenary power gave it the undoubted right to pass a controlling law, and to make uniform regulations governing the subject.

Bearing in mind the reluctance with which this court interferes with the action of a coördinate branch of the Government, and its duty, no less than its disposition, to sustain the enactments of the national legislature, except in clear cases of invalidity, we reach the conclusion that in the aspect of the act now under consideration the Congress proceeded within its constitutional power, and with the intention to regulate the matter in the District and Territories, irrespective of the interstate commerce feature of the act.

While not binding as authority in this court, we may note that the act, so far as it relates to the District of Columbia,

was sustained in a well-considered opinion by the Court of Appeals of the District of Columbia. *Hyde* v. *Southern Ry. Co.,* 31 App. D. C. 466.

The judgment of the Supreme Court of Texas is

*Affirmed.*