SOUTHERN PAC. CO. v. McGINNIS.

(Circuit Court of Appeals, Fifth Circuit. December 7, 1909.)

No. 1,960.

MASTER AND SERVANT (§ 86*)—FEDERAL EMPLOYER'S LIABILITY ACT—SUPERSEDING TERRITORIAL STATUTE.

The provisions of Act N. M. March 11, 1903 (Laws 1903, p. 51, c. 33), relating to suits for wrongful death and personal injuries, so far as they apply to suits by employés against a railroad company, were superseded by the federal employer's liability act (Act June 11, 1906, c. 3073, 34 Stat. 232 [U. S. Comp. St. Supp. 1909, p. 1148]).

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 137; Dec. Dig. § 86.*

What law governs master's liability for injuries to servant, see note to Mexican Cent. Ry. Co. v. Jones, 48 C. C. A. 232.]

In Error to the Circuit Court of the United States for the Western District of Texas.

Action by Maggie McGinnis, administratrix, against the Southern Pacific Company. Judgment for plaintiff, and defendant brings error. Affirmed.

T. J. Beall, for plaintiff in error.
Geo. E. Wallace, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. This action was brought in the Circuit Court of the United States for the Western District of Texas by the defendant in error to recover of the plaintiff in error damages for causing the death of Neil B. McGinnis. Service was made on the plaintiff in error by delivering a copy of citation to A. W. Cheeseman, as local agent and representative of the Southern Pacific Company, in El Paso county, Tex., and also delivering a copy of the citation to A. W. Reeves, as local passenger and ticket agent in El Paso county, Tex., of the plaintiff in error. The plaintiff in error objected to the jurisdiction of the court, and moved to quash the service of citation on the ground alleged that it had no agent or representative in El Paso county, Tex., and none in the Western district of Texas, and that it does not own or operate any line of railroad within that district or within that state, and has not done so since the accrual of the plaintiff's cause of action; that it does not do any business, and has not done any, in the Western district of Texas, since the accrual of plaintiff's cause of action. The defendant in error (plaintiff below) answered this motion by proper pleading, and much testimony was offered on the issue joined, which issue appears to have been voluntarily submitted to the judge a quo without the intervention of a jury, and the order thereon recites that the court, having duly considered the same, and heard the evidence relating to the motion and the argument of counsel thereon, is of opinion that the motion should be overruled.

Whether in this case we must accept the judge's findings on this plea as conclusive (So. Pac. Co. v. Melvin, 157 Fed. 1005, 85 C. C. A. 679) it is not necessary for us to decide, because from a careful examination of all the proof the majority of the court is satisfied that the finding and order of the judge thereon was correct. The plaintiff in error sought, by exceptions to the pleadings of its adversary and by requested charges, to defeat or limit the right of a recovery in the case by seeking to have applied to it certain specified statutes of the territory of New Mexico. On May 11, 1907, the deceased was a locomotive engineer in the employment of the plaintiff in error, and was in charge of the engine pulling one of its passenger trains from El Paso, in the state of Texas, to Lordsburg, in the territory of New Mexico, which train, it is alleged and was shown, collided at a point near Lordsburg with certain cars then wrongfully on the main track, whereby Neil B. McGinnis received the injuries which caused his death. The assignment that the judge erred in refusing to apply to this case the specified statutes of the territory of New Mexico relating to the subject is, we think, concluded against the plaintiff in error by the case of El Paso & Northeastern Ry. Co. v. Enedina Gutierrez, Adm'r of the Estate of Antonio Gutierrez, Deceased, 215 U. S. 87, 30 Sup. Ct. 21, 54 L. Ed. ——, announced by the Supreme Court November 15, 1909.

The judgment of the Circuit Court is affirmed.
Affirmed.