## CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* PEARCE.

### Opinion delivered March 29, 1915.

CARRIERS—PERSONAL INJURIES—LIMITATION UPON LIABILITY IN ADVANCE.— A., upon entering the employ of defendant railroad company, signed an agreement that he would give thirty days' notice of any claim for damages he would make against said company caused by personal injuries received while in the defendant's employment. *Held*, the contract was inoperative and without effect.

Appeal from Perry Circuit Court; *G. W. Hendricks,* Judge; affirmed.

*Thos. S. Buzbee* and *Jno. T. Hicks,* for appellant.

The court erred in sustaining the demurrer to the special defense set up by appellant. This stipulation in the contract of employment is reasonable and just in its operation, is not inhibited by law, and is not against public policy. 82 Ark. 353; 63 Ark. 335; 67 Ark. 410; 89 Ark. 404; 90 Ark. 308; 80 Ark. 534; 94 Tenn. 94; 68 S. W. 549; 142 S. W. 826; 21 Wall. (U. S.) 268; 3 Wall. 107; 17 *Id.* 357; 7 *Id.* 386; 54 Ark. 222, 223; 111 Ark. 102.

Many of the States have given approval to such an agreement by enacting laws requiring injured employees to give written notice to their employers of the time, place, cause, manner and extent of their injuries, etc. Mass., Rev. Laws, C. 106, § 71; N. Y., Consol. Laws, C. 31, art. 14; Kansas, Acts 1905, C. 341; Texas, Rev. Stat. 1895, art. 3379. See, also, 97 S. W. 459; 173 Fed. 612; 182 Fed. 492; 95 N. E. 503; 112 Pac. 136.

*J. H. Thompson* and *Carmichael, Brooks, Powers & Rector,* for appellee.

The contract relied upon by appellant as a special defense is void.

(1) It is inhibited by the Federal Employers' Liability Act of 1908. 232 U. S. 248; 203 U. S. 1; 229 U. S. 146; *Id.* 156; 233 U. S. 492; 219 U. S. 549; *Id.* 186; 223 U. S. 1; 22 C. C. A. 264; 76 Fed. 439; 55 S. C. 152; 2 Labatt, M. & S., § § 1921, *et seq.;* 35 App. D. C. 230; 224 U. S. 603. We think the last case cited is decisive of the question presented here. See, also, 131 Ia. 340; 215 U. S. 87.

(2)   The contract is void under the State Employers' Liability Act.   Acts 1911, Act No. 88; 209 Mass. 607.

(3)   It is void as against public policy.   48 Ark. 460; 21 Wall. 268; 10 Biss. 486; 8 Fed. 782; 44 Am. Rep. 630; 226 U. S. 509; 227 U. S. 639; 91 Ark. 97; 111 Ark. 102.

(4)   The provision as to notice is unreasonable.

McCULLOCH, C. J.   The plaintiff, while working in the service of defendant railway company (being engaged at the time in interstate commerce), received personal injuries caused by the negligent acts of one of his fellow-employees, and this is an action against the company to recover damages.   There was a verdict in favor of the plaintiff, assessing a small sum as damages, and the defendant appeals.   The record fails to show that the bill of exceptions was filed within the time allowed by the trial court, and there is therefore nothing presented here for review which concerns the proceedings at the trial below.

The court sustained a demurrer to one of the paragraphs of the answer, and, as the record entry of the lower court shows that exceptions to that ruling were saved, the appeal itself brings up that ruling for review. *McWhorter* v. *Andrews,* 53 Ark. 307. In the paragraph to which the court sustained a demurrer, the defendant pleaded the following clause in the contract of employment entered into between plaintiff and defendant when the former took service with the latter about three years before the alleged injury occurred.

"In further consideration of such employment, I agree for myself, my heirs, executors, administrators, legal representatives or any other person or persons claiming through or under me, that if while in the service of said company, I sustain any personal injury or injuries for which I shall or may make claim against the company for damages, I will, within thirty days after receiving such injury, give notice in writing of such claim to the superintendent of the division upon which I shall be at the time of such injury or injuries, and if any such injury

or injuries shall result in my death for which claim shall or may be made for damages, that my heirs, executors, administrators, legal representatives or other person or persons that may make such claim will give such notice in writing within thirty days after my death, any and all of which notices shall state the time, place, manner, causes, extent and nature of my injury or injuries, or of my death, as the case may be, and the claim made therefor; and the failure to give written notice of any such claim in the manner and within the time aforesaid shall be a bar to the institution of any suit on account of said injury or injuries or death.''

The question whether such a provision in a contract of employment, with respect to notice of injury, is, in the absence of a statute, binding in an action to recover damages resulting from a negligent act of the master's servants has not heretofore been presented in any of the courts of the country, so far as we are advised. It seems, therefore, to be a question of first impression. Counsel for plaintiff contend that the contract is in conflict with the act of Congress fixing and regulating the liability of a railroad to its employees—the statute known as the Employers' Liability Act. The plaintiff's injury occurred while he was engaged in interstate commerce, and the rights of the parties are controlled entirely by that statute. If the provisions of the contract are found to be in conflict with the act, of course, it is without force.

The point seems to be settled by a decision of the Supreme Court of the United States in the case of *El Paso & N. E. Ry. Co.* v. *Gutierrez*, 215 U. S. 87. That was an action instituted in the courts of the State of Texas against a railroad company to recover for injuries sustained by the servant of the company in New Mexico, then a territory, where there was a statute which provided that no action for injuries, inflicting death, caused by any person or corporation in the territory, could be maintained unless the person claiming damages should within ninety days after the infliction of the injuries, and thirty days before

commencing suit, serve upon the defendant an affidavit giving particulars as to the injuries complained of, etc.

The injury in that case occurred in June, 1906, after the passage of the first Employers' Liability Act, which was held by the Supreme Court of the United States to be unconstitutional, except in its application to the District of Columbia and the territories. The Texas court declined to give effect to the statute of the territory where the injury occurred and allowed a recovery without compliance with the terms of that statute. That judgment was affirmed by the Supreme Court of the United States. The court held that the Federal Employers' Liability Act superseded the statute of New Mexico, and that the Texas court was correct in disregarding it. Now, the point of that decision, so far as it applies here, is that if the first Employers' Liability Act superseded territorial statutes on this subject, the last Employers' Liability Act, which applies to all persons working in the service of railroads in interstate commerce, likewise supersedes any State legislation on the subject; and it necessarily follows that if other legislation is thus superseded and set at naught, contracts between the parties are also without force. We think that conclusion is correct upon principle.

Counsel for the defendant rely upon decisions to the effect that the Federal statute fixing the liability of carriers of freight does not invalidate contracts requiring notice of loss or damage. *St. Louis & S. F. Rd. Co.* v. *Keller*, 90 Ark. 308. That, however, is a different question, for in that class of cases, the suit is upon the contract itself, and it has been held that the provision about notice is a reasonable regulation which is not in conflict with the Federal statute. A suit for personal injuries is not, however, a suit upon the contract of employment, which is entirely collateral to the question of liability. If the suit was based upon the contract between the parties, then any reasonable regulation, not amounting to an exemption of liability, would be valid. But any contract made between the parties in advance of the accrual of the cause of action, and concerning a subject-matter which is not the

basis of the cause of action which subsequently accrues, necessarily amounts to an attempt to fix the terms of liability in advance, and is inoperative. Such provision is an attempt to read into the statute, which expressly governs the matter of the liability, something which is not found in the statute itself, and is therefore invalid.

The judgment of the circuit court is affirmed.