## PANHANDLE & S. F. RY. CO. v. BROOKS
### (No. 167–3168.)

(Commission of Appeals of Texas, Section B. June 2, 1920.)

1. **Master and servant ⊷ 100(1)—Contract requiring notice of injury void under federal. act.**

Federal Employers' Liability Act, § 5 (U. S. Comp. St. § 8661), making void any contract to exempt a common carrier from liability for injury to employés imposed by section 1 of the act (section 8657), makes void a contract by interstate railroad employé to give notice of injury and claim for damages within 30 days or his right to recover therefor would be barred.

2. **Master and servant ⊷ 258(21)—Allegation that foreman directed work with insufficient force held not subject to exception.**

An allegation that railroad employés, including plaintiff, protested to the foreman and the company against handling timbers with an insufficient force, but the foreman refused to furnish more men and directed the work to be done under his eye, thereby assuring the men that they could perform the work with safety, is not subject to an exception as stating no ground of negligence nor excuse for proceeding to move the timber with knowledge of insufficient number of men.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by B. F. Brooks against the Panhandle & Santa Fé Railway Company. Judgment for plaintiff was affirmed by Court of Civil Appeals (199 S. W. 665), and defendant brings error. Affirmed.

Terry, Cavin & Mills, of Galveston, and Madden, Trulove, Ryburn & Pipkin, of Amarillo, for plaintiff in error.

L. C. Barrett and J. N. Browning, both of Amarillo, for defendant in error.

SADLER, P. J. B. F. Brooks filed this suit in the district court of Potter county to recover damages for injuries alleged to have been received while he was employed in interstate commerce by plaintiff in error. He alleged that the injuries were caused by the negligence of the railway company.

The defendant company, among other pleas in bar, alleged that Brooks' employment was by virtue of a written contract; that he therein obligated himself to give notice in writing of any injuries and claim

for damages to the company, within 30 days from the time the injuries were received; that, if he failed so to do, his cause of action should be barred; that this contract was valid and reasonable; and that he wholly failed to comply with its requirements.

To this plea plaintiff interposed an exception, because it presented no defense, in that it was invalid and prohibited by law.

This exception was sustained by the district court. The trial resulted in a judgment for plaintiff. Defendant appealed, assigning among other errors that of sustaining the special exception to this plea. The Court of Civil Appeals resolved the assignment on this question as well as all other assignments against appellant. 199 S. W. 665.

The cause is before us upon the error assigned to the judgment of the Court of Civil Appeals sustaining the trial court in its ruling upon this question. For the purposes of this discussion, it must be assumed that the facts alleged in the answer are true. It remains only to determine whether under proper construction of the contract this provision is unreasonable, inapplicable, and invalid under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665).

There are other assignments presenting other questions arising on the pleading and evidence, but the prime question is that affecting the plea in bar.

## Opinion.

[1] The Court of Civil Appeals held that the contract pleaded by the defendant in bar of plaintiff's suit is inhibited by the federal Employers' Liability Act, and is void. Apparently this presents a question of first impression in the American courts of last resort, except in one case decided by the Supreme Court of Arkansas.

Section 1 of the act (article 8657, U. S. Complied Statutes) provides:

"Every common carrier by railroad while engaging in commerce between any of the several states * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employés of such carrier," etc.

Section 5 (article 8661, U. S. Compiled Statutes) provides:

"Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this act, shall to that extent be void."

As we construe this statute, the liability of the railway company, in event of negligent injury, arises as at common law, and is governed by the same principle, save and except in so far as it prohibits a limitation upon liability by contract, rule, regulation, or device, and except in so far as the common law may be abrogated by the act. Seaboard Air Line v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475, and cases cited supra.

It may be as well to state here as elsewhere that we have not been cited to any decision of the Supreme Court of the United States, or any inferior federal court, construing the act as to its effect upon a contract such as is here before us. The only American case cited is C., R. I. & P. Ry. Co. v. Pearce, 118 Ark. 6, 175 S. W. 1160, L. R. A. 1915F, 551, by the Supreme Court of Arkansas, handed down March 29, 1915. So far as our inquiry has disclosed, this is the only case extant in which the question has been decided. We are advised that the Supreme Court of the United States has had no opportunity to review that decision. The Arkansas court holds that a contract like that here presented is void under the federal Employers' Liability Act. This holding is based upon a decision of the Supreme Court of the United States in El Paso & N. E. Ry. Co. v. Gutierrez, 215 U. S. 87, 30 Sup. Ct. 21, 54 L. Ed. 106.

In consonance with the indicated purpose of the Supreme Court to follow the construction which has been adopted by our state courts with reference to our state statutes on the same subject, and in the absence of authoritative expression by the Supreme Court of the United States, we approve the holding of the Court of Civil Appeals with reference to the construction to be given to the federal Employers' Liability Act and its effect in rendering void that clause of the contract sought to be interposed as a defense by the railway company. Ry. Co. v. Hudgins, 60 Tex. Civ. App. 344, 127 S. W. 1183; Ry. Co. v. Harris, 67 Tex. 166, 2 S. W. 574.

There are assignments in the petition seeking review of the disposition by the Court of Civil Appeals of questions raised with reference to the pleading of the plaintiff and to the admission of evidence in support thereof. It appears from the several assignments that the plaintiff alleged:

"That said servants, including plaintiff, protested to said foreman and defendant, through its agents and servants against lifting and carrying said timbers and handling the same as they were being handled without a sufficient number of men, but defendant then and there ignored said protest and refused to furnish more men, but had plaintiff and said three other servants to perform said work under the eye and direction of said foreman, thereby assuring them that they could perform such labor with safety to themselves, by reason of which the master assumed the risk instead of the plaintiff assuming the same."

[2] The defendant excepted to this part of the petition, because it stated no ground of negligence nor any excuse for the act of plaintiff in proceeding to move the timber with the knowledge of an insufficient number of men. The exception was overruled. Testimony was offered, over objection of the defendant, in line with the pleading wherein it appears that George L. Noel, one of plaintiff's colaborers, did so protest to the foreman before proceeding with the work in which plaintiff was injured. We do not think that these assignments merit discussion.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.