## ALASKA STEAMSHIP COMPANY v. McHUGH.

ON CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 294. Submitted March 10, 1925.—Decided April 13, 1925.

The First Employers' Liability Act (June 11, 1906, c. 3073, 34 Stat. 232) did not undertake to regulate the liability of shipowners for personal injuries suffered by their employees due to negligence. P. 27.

The Circuit Court of Appeals certified two questions, the first of which is set out and answered in the opinion.

Messrs. *W. H. Bogle, Lawrence Bogle, R. E. Robertson* and *A. H. Zeigler* for the steamship company.

It was never the intent of Congress that this act should apply to maritime torts either in territorial or other navigable waters. *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205; *Panama R. R. Co.* v. *Johnson,* 264 U. S. 375. The statute requires the amount of damages sustained by the plaintiff and the proportion thereof that should be diminished by reason of his contributory negligence to be determined by a jury, and also that the question of the negligence of the defendant shall be determined by a jury. There is no possibility of reconciling these provisions with the inherent admiralty jurisdiction over maritime causes of action. Again—

Since the decisions of this Court in the *Employers' Liability Cases* (207 U. S. 463), holding the act uncon-

stitutional as general legislation, and in *El Paso etc. Co.* v. *Gutierrez,* 215 U. S. 87, and *Washington etc. Co.* v. *Downey,* 236 U. S. 190, upholding the act as local legislation for the territories, its application to maritime torts will offend against the uniformity rule which this Court has repeatedly held to be a constitutional requirement of any congressional legislation modifying or altering the rules of the maritime law. At any rate, a construction of the statute as applied to maritime causes of action plainly raises grave questions regarding its constitutional validity. *Panama Railroad Company Case, supra.*

If the act was applicable to maritime torts at the time of its enactment, it was repealed by implication or superseded by the Act of April 22, 1908, the Second Employers' Liability Act, Cong. Rec. 60th Cong., 1st Section, 1347.

This Act of 1908 is a revision of the prior Act of June, 1906. *Roche* v. *Jersey City,* 40 N. J. L., 257.

Further, on the unconstitutionality of the act if applied to maritime torts, see *Washington* v. *Dawson,* 264 U. S. 219; *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149; *Osceola Case,* 189 U. S. 158; *Atlantic Transport Co.* v. *Imbrovey,* 234 U. S. 52.

*Mr. James Wickersham,* for McHugh.

The Act of June 11, 1906, is constitutional and valid in the Territories. *El Paso* v. *Gutierrez,* 215 U. S. 87; *Washington Ry.* v. *Downey,* 236 U. S. 190; *Hyde* v. *Southern R. Co.,* 31 App. D. C. 466. Alaska is an organized territory. The Employers' Liability Act was not repealed by the second Act of June 22, 1908. § 8, Act June 22, 1908, 35 Stat. 65; *El Paso* v. *Gutierrez, supra;* *Walsh* v. *Pacific Steamship Co.,* 172 Pac. 269; *Sanstrom* v. *Pacific Steamship Co.,* 260 Fed. 661.

The provisions of the Act of 1906 apply to and govern a suit for personal injury received on a vessel en-

gaged in trade and commerce in the navigable waters of Alaska Territory. *Walsh* v. *Pacific Steamship Co., supra. Sanstrom* v. *Pacific Steamship Co., supra; Lancer* v. *Anchor Line,* 155 Fed. 433; *Howard* v. *Ill. Cent. R. R. Co.,* 207 U. S. 463.

The Act of 1906 is not void for conflict with any constitutional rule of uniformity. *Panama R. R. Co.* v. *Johnson,* 264 U. S. 375; *The Lottawanna,* 21 Wall. 558. In *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 140, the rule of uniformity in admiralty and maritime law was considered, and *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205, and *Chelentis* v. *Luckenback Steamship Co.,* 247 U. S. 372, examined and quoted, and in these three cases the foundation of the rule was stated to be based upon the exclusive jurisdiction of Congress and the federal courts over admiralty and maritime cases, and not upon any supposed rule of exact uniformity in congressional enactment. See *Waring* v. *Clarke,* 4 How. 441; *Workman* v. *New York,* 179 U. S. 552; *Western Fuel Co.* v. *Garcia,* 257 U. S. 233; *Grant Smith-Porter Co.* v. *Rohde,* 257 U. S. 469; *State Industrial Comm.* v. *Nordenholdt Corp.,* 259 U. S. 263. The object in vesting in the General Government the power to regulate commerce with foreign nations and among the several States was to insure uniformity of regulation and to prevent discriminating state legislation. *Walton* v. *Missouri,* 91 U. S. 275; *Webber* v. *Virginia,* 103 U. S. 344; *Mobile Co.* v. *Kimball,* 102 U. S. 691. Congress undoubtedly has authority under the commercial power if no other to introduce such changes as are likely to be needed. *The Lottawanna,* 21 Wall. 558; *Butler* v. *The B. & S. Steamship Co.,* 130 U. S. 527. In *Alaska* v. *Troy,* 258 U. S. 101, this court said: " the best interests of a detached territory may often demand that its ports be treated very differently from those within the States. And we can find nothing in the Constitution itself or its history which

compels the conclusion that it was intended to deprive Congress of the power so to act."

Mr. JUSTICE MCREYNOLDS delivered the opinion of the Court.

The court below has certified two questions of law concerning which it desires instruction. *Judicial Code*, § 239. The first question follows. Our answer to it renders a reply to the second one unnecessary.

" 1. Is the owner of a ship, a common carrier engaged in coastwise commerce trade in the territory of Alaska, liable to one of its employees, a stevedore, for damages which have resulted by reason of a defect or insufficiency due to the owner's negligence in an appliance furnished to the employee as provided under sections 1 and 2 of the Act of June 11, 1906, Ch. 3073, 34 Stat. 232, commonly known as the First Employers' Liability Act?"

The designated statute is entitled, "An Act relating to liability of common carriers in the District of Columbia and Territories and common carriers engaged in commerce between the States and between the States and foreign nations, to their employees," and provides—

Sec. 1. " That every common carrier engaged in trade or commerce in the District of Columbia, or in any Territory of the United States, or between the several States, or between any Territory and another, or between any Territory or Territories and any State or States, or the District of Columbia, or with foreign nations, or between the District of Columbia and any State or States or foreign nations, shall be liable to any of its employees, or, in the case of his death, to his personal representative for the benefit of his widow and children, if any, if none, then for his parents, if none, then for his next of kin dependent upon him, for all damages which may result from the negligence of any of its officers, agents, or employees, or by reason of any defect or insufficiency due to its negli-

gence in its cars, engines, appliances, machinery, track, roadbed, ways or works.

" Sec. 2. That in all actions hereafter brought against any common carriers to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery where his contributory negligence was slight and that of the employer was gross in comparison, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee. All questions of negligence and contributory negligence shall be for the jury."

Sec. 3. No contract of employment, insurance, etc., shall constitute a defense to an action brought to recover damages for injuries or death.

" Sec. 4. That no action shall be maintained under this Act, unless commenced within one year from the time the cause of action accrued.

" Sec. 5. That nothing in this Act shall be held to limit the duty of common carriers by railroads or impair the rights of their employees under the safety-appliance Act of March second, eighteen hundred and ninety-three, as amended April first, eighteen hundred and ninety-six, and March second, nineteen hundred and three."

The *Employers' Liability Cases,* 207 U. S. 463, held that, " conceding the power of Congress to regulate the relations of employer and employee engaged in interstate commerce, the [above-quoted] Act was unconstitutional in this, that in its provisions regulating interstate commerce, Congress exceeded its constitutional authority in undertaking to make employers responsible, not only to employees when engaged in interstate commerce, but to any of its employees, whether engaged in interstate commerce or in commerce wholly within a State." *El Paso & Northeastern Ry. Co.* v. *Gutierrez,* 215 U. S. 87, 93.

The case last cited declared the Act valid and controlling in so far as it relates to the District of Columbia and the Territories, although invalid as to accidents within a State. It was there said, p. 97: "When we consider the purpose of Congress to regulate the liability of employer to employee, and its evident intention to change certain rules of the common law which theretofore prevailed as to the responsibility for negligence in the conduct of the business of transportation, we think that it is apparent that had Congress not undertaken to deal with this relation in the States where it had been regulated by local law, it would have dealt with the subject and enacted the curative provisions of the law applicable to the District of Columbia and the Territories over which its plenary power gave it the undoubted right to pass a controlling law, and to make uniform regulations governing the subject."

This Court has never held the act applicable to marine torts. To give it such construction would give rise to a grave constitutional question as to its validity and cause much confusion and uncertainty concerning the reciprocal rights and obligations of ships and those who work upon them. *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149; *Panama R. R.* v. *Johnson,* 264 U. S. 375, 386, 390. The language employed—" negligence in its cars, engines, appliances, machinery, track, roadbed, ways or works;" "actions . . . to recover damages for personal injuries;" "all questions of negligence and contributory negligence shall be for the jury"—and the "evident intention to change certain rules of the common law which theretofore prevailed as to the responsibility for negligence in the conduct of the business of transportation," oppose the suggestion that the purpose was to regulate purely maritime matters, from time immemorial subject to the law of the sea, which recognizes and enforces rights and remedies radically different from those of the common law.

In the absence of a clear and distinct enunciation of such purpose we cannot conclude that Congress intended to invade the field of admiralty jurisdiction and materially alter long recognized rights and established modes of procedure.

The first question must be answered in the

*Negative.*