**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Manuel ROMERO–FERNANDEZ,**
**Ondina Maria Sosa, Defendants–**
**Appellants.**

**No. 91–3720.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 8, 1993.

H. Manuel Hernandez, Longwood, FL, for Manuel Romero–Fernandez.

David D. Fussell, Orlando, FL, for Ondina Maria Sosa.

Judy K. Hunt, Asst. U.S. Atty., Orlando, FL, for U.S.

Before HATCHETT, Circuit Judge, HENDERSON and ESCHBACH *, Senior Circuit Judges.

PER CURIAM:

Appellants, Manuel Romero–Fernandez (Romero–Fernandez) and Ondina Maria Sosa (Sosa) were convicted by a jury of violating Executive Order 12724 and 50 U.S.C. 1705(b). The complaint alleged that Romero–Fernandez and Sosa knowingly and willfully dealt and engaged in activity that promoted and intended to promote dealing in one million barrels of Iraqi crude oil for exportation from Iraq. On appeal, Romero–Fernandez and Sosa challenge the constitutionality of 50 U.S.C. §§ 1701–1706 as violating the enacting provisions of the United States Constitution. Both Romero–Fernandez and Sosa also challenge the sufficiency of the evidence for conviction. Sosa challenges the refusal to instruct the jury on the absence of a license and challenges her sentence as disparate from her co-defendants. For the reasons that follow, we affirm on all issues. In this opinion we deal only with the constitutionality of 50 U.S.C. 1706(b) which allows a legislative veto.

## I.

In response to Iraq's invasion of Kuwait, President Bush, pursuant to the International Emergency Economic Powers Act (IEEPA), declared a national emergency on August 3, 1990. Along with the declaration of emergency, President Bush issued two Executive Orders blocking Iraqi assets and prohibiting "[a]ny dealing by a United

---

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by

designation.

States person related to property of Iraqi origin exported from Iraq after August 6, 1990, or property intended for exportation from Iraq to any country, or exportation to Iraq from any country, or any activity of any kind that promotes or is intended to promote such dealing...." (Executive Order 12724).

The International Emergency Economic Powers Act (IEEPA), 50 U.S.C. §§ 1701–1706, grants authority to the President to deal with unusual and extraordinary threats by investigating, regulating or prohibiting transactions in foreign exchange. 50 U.S.C. § 1702(a)(1)(A)(i). The IEEPA imposes criminal penalties for willful violation of executive orders issued under the IEEPA. 50 U.S.C. § 1705(b).

Sosa and Romero–Fernandez were charged and convicted of violating the Executive Order prohibiting transactions with Iraq after they attempted to negotiate a transaction involving Iraqi crude oil. In this limited opinion, we discuss Sosa and Romero–Fernandez's constitutional challenge to the IEEPA's legislative veto provision, 50 U.S.C. § 1706(b).

## II.

■ The legislative veto challenged by Romero–Fernandez and Sosa provides that:

The authorities described in subsection (a)(1) of this section may not continue to be exercised under this section if the national emergency is terminated by the Congress by concurrent resolution pursuant to section 202 of the National Emergencies Act [50 U.S.C.A. § 1622] and if the Congress specifies in such concurrent resolution that such authorities may not continue to be exercised under this section.

50 U.S.C. § 1706(b). Romero–Fernandez and Sosa argue that this provision causes the entire statutory scheme of the IEEPA to be unconstitutional. The government concedes that this is an unconstitutional provision, but it argues that the provision is severable and the convictions must stand.

In *INS v. Chadha*, 462 U.S. 919, 954–55, 103 S.Ct. 2764, 2785–86, 77 L.Ed.2d 317 (1983), the United States Supreme Court found that Congress cannot void the exercise of power by the Executive Branch through concurrent resolution, but could act only through bicameral passage, followed by presentment of the law to the President. *See also, Bowsher v. Synar,* 478 U.S. 714, 106 S.Ct. 3181, 92 L.Ed.2d 583 (1986). We review the question of the constitutionality of the IEEPA *de novo. United States v. Osburn,* 955 F.2d 1500, 1503 (11th Cir.1992).

■ If an unconstitutional legislative veto of a statutory scheme is severable, however, we will not invalidate the entire scheme. *See, e.g., INS v. Chadha,* 462 U.S. at 959, 103 S.Ct. at 2788. "[A] court should refrain from invalidating more of the statute than is necessary. As this Court has observed, 'whenever an act of Congress contains unobjectionable provisions separable from those found to be unconstitutional, it is the duty of this court to so declare, and to maintain the act in so far as it is valid.'" *Regan v. Time, Inc.,* 468 U.S. 641, 652, 104 S.Ct. 3262, 3269, 82 L.Ed.2d 487 (1984) (plurality opinion), quoting *El Paso & Northeastern R. Co. v. Gutierrez,* 215 U.S. 87, 30 S.Ct. 21, 54 L.Ed. 106 (1909). In determining whether to sever a constitutionally flawed provision, courts should consider whether the balance of the legislation is incapable of functioning independently. "This is not a concern, however, when the invalid provision is a legislative veto, which by its very nature is separate from the operation of the substantive provisions of a statute." *Alaska Airlines, Inc. v. Brock,* 480 U.S. 678, 684–85, 107 S.Ct. 1476, 1480, 94 L.Ed.2d 661. Furthermore, "the inclusion of [a severability clause] creates a presumption that Congress did not intend the validity of the statute in question to depend on the validity of the constitutionally offensive provision." *Id.* at 686, 107 S.Ct. at 1481.

Congress specifically provided for severability when it enacted the IEEPA. Section 208 provides, "If any provision of this Act is held invalid, the remainder of the Act shall not be affected thereby." Pub. Law No. 95–223, 91 Stat. 1625, 1629 (1977).

Therefore, the invalid legislative veto provision found in Section 1706(b) is severable. Because Romero–Fernandez and Sosa were charged and convicted under 50 U.S.C. § 1705(b), and this section is not affected by the unconstitutionality of § 1706(b), the constitutionality of the legislative veto is irrelevant to their convictions.

AFFIRMED.