MCCREARY, APPELLANT, *v.* BOWERS, TAX COMMR., APPELLEE.*

(No. 2037—Decided March 7, 1958.)

*Messrs. Calland, Stouffer & Asher,* for appellant.

*Mr. William Saxbe,* attorney general, and *Mr. John M. Tobin,* for appellee.

McCLINTOCK, P. J. This is an appeal on questions of law from a decision of the Board of Tax Appeals, as is provided in Section 5717.04, Revised Code.

The Board of Tax Appeals affirmed an assessment of the

*Appeal dismissed, 168 Ohio St., 64.

Tax Commissioner of Ohio, dated March 2, 1956, against the appellant in the sum of $2,578.98, plus a contingent penalty. This assessment was based upon appellant's use of Ohio highways and levied under the Ohio Highway Use Tax Law, Sections 5728.01 through 5728.14, Revised Code, for the period from January 1, 1955, to March 31, 1955.

The facts briefly are as follows: The appellant is an individual who was engaged in the trucking business, wholly within Ohio, during the audit period in question. The appellant's trucks transported bulk freight such as sand, lime and soda ash. Appellant filed a highway use tax return for the first quarter of 1955, but refused to pay the tax due, contending that the Highway Use Tax Law was unconstitutional.

The record shows the following:

"A. That is two new tractors in transit by one of the car carriers, and the combination is known as piggy-back transportation.

"Q. How many axles are involved there? A. Three axles."

On appeal from the Tax Commissioner to the Board of Tax Appeals, the board held that all taxing statutes are valid enactments, that the assessment herein complained of was issued in accordance with law and that the Tax Commissioner committed no error in the issuance of his final order. However, the Board of Tax Appeals is a creature of statute and has only authority and jurisdiction as is given by statute, and such board has been given no jurisdiction to pass on the constitutionality of taxing statutes.

Thereafter appellant appealed to this court on questions of law and set out five assignments of error, to wit:

"1. That Sections 5728.01 to 5728.14, inclusive, Revised Code of Ohio, herein referred to as the 'Ohio Highway Use Tax Law,' are unconstitutional and void for the reason that said Ohio Highway Use Tax Law imposes a tax which is excessive and discriminatory and bears no reasonable relationship to the use of, or cost of construction, maintenance, and operation of the public highways of Ohio.

"2. The Ohio Highway Use Tax Law is unconstitutional and void for the reason that said law is not uniform in application, and is discriminatory within the same classification of the objects of taxation.

"3. The Ohio Highway Use Tax Law is unconstitutional and void for the reason that said law is discriminatory in that it imposes a tax upon some vehicles while exempting others within the same classification of the objects of taxation.

"4. The Ohio Highway Use Tax Law is unconstitutional and void for the reason that said law is discriminatory in that it imposes rates per vehicle or combination of vehicles and per axle that are arbitrary and not uniform in application and bear no relationship to weight.

"5.. The Ohio Highway Use Tax Law is unconstitutional and void in that the same is in contravention of the Fifth and Fourteenth Amendments to the Constitution of the United States."

Counsel on both sides have agreed that the only question in this case is whether the Highway Use Tax Law is unconstitutional.

Section 5728.06 of the Revised Code (125 Ohio Laws, 1135, 1146), in part, read as follows:

"For the purpose of providing revenues to pay the cost of administering and enforcing the laws pertaining to the levy and collection of the tax imposed by this section, to defray the expenses of the state highway construction council, to provide funds to pay the state's share of the cost of constructing or reconstructing highways and eliminating railway grade crossings on the major thoroughfares of the state highway system and urban extensions thereof and to pay the interest, principal, and charges on bonds issued pursuant to Section 5528.01 of the Revised Code, there is hereby levied a highway use tax upon each commercial car with *three or more axles * * *.*" (Emphasis added.)

The Supreme Court of Ohio, in principle, has decided this question in *Geo. F. Alger Co.* v. *Bowers, Tax Commr.,* 166 Ohio St., 427, at page 428, 143 N. E. (2d), 835.

"The appellant devotes a great deal of its brief to a discussion of the relative effects on the highways of the state of the various types of trucks in relation to the number of axles and of the effect of the imposition of this tax on the economy of the truckers. This argument, although interesting, is one which would have better been directed to the General Assembly, since this court in determining the validity of the tax must confine

itself to a determination of whether the tax is discriminatory, imposes an undue burden on interstate commerce and bears a reasonable relationship to the purpose for which it was created.

"The appellant contends that this tax act is discriminatory, principally on the ground that it exempts from its operation trucks with only two axles and does not evenly graduate the tax among the trucks with more than two axles, in relation to the amount of weight which may be carried per axle. It is axiomatic that the General Assembly in imposing a tax has the power to make reasonable classifications therein exempting from the tax persons who in some other way contribute their fair share to the maintenance of the operation for which the tax is imposed. In relation to the highway use tax, it was evidently the opinion of the General Assembly that the owners of trucks with only two axles carried their fair share of the cost of the operation and maintenance of highways through the imposition of the other motor vehicle taxes. It further must have determined that the relative damage to the highways increased proportionately with the number of axles. All these are questions of fact which must be determined by the General Assembly, and, its determination being neither unreasonable nor arbitrary, the court will not substitute its judgment for that of the General Assembly.

"It may well be that there is not a mathematical exactness in the imposition of the tax, but this fact alone will not invalidate the tax. The United States Supreme Court, in *Capitol Greyhound Lines* v. *Brice, Commr.,* 339 U. S., 542, 546, 94 L. Ed., 1053, 70 S. Ct., 806, said:

" 'Complete fairness would require that a state tax formula vary with every factor affecting appropriate compensation for road use. These factors, like those relevant in considering the constitutionality of other state taxes, are so countless that we must be content with "rough approximation rather than precision." ' "

The facts, as shown by the record, are that the application of this weight statute to various typical vehicles is well illustrated by appellant's Exhibit 1, which shows the limitations on motor vehicle dimensions and weights. A glance at that chart shows that the maximum weight which can be transported by a three-axle vehicle of the short type—which pays a ½-cent axle-

mile tax—is 43,000 pounds. It shows also that a combination having five or more axles—which pays a 2½-cent axle-mile tax—can carry a maximum weight of 78,000 pounds. There are appropriate graduations between these two extremes. Surely this shows a direct relationship between the rate of tax and the gross tonnage which can be hauled over the highway.

It also appears from actual surveys taken on the highways that these permissible differences between typical vehicles actually do exist. Mr. Biddison, Supervisor of the Traffic Section of the Highway Department, testified at some length concerning the loadometer studies conducted by the Bureau of Planning Survey. He identified appellee's Exhibits A through J as being compilations based upon those loadometer studies. A study of Exhibit H-1, column (6), shows that in the year 1951 the following were the average loaded weights of the trucks actually stopped and weighed:

"3-axle single unit trucks 30,120 pounds
"3-axle tractor-semi-trailers 33,783 pounds
"4-axle tractor-semi-trailers 48,770 pounds
"5-axle or more tractor-semi-trailers 61,266 pounds."

In *Mid-States Freight Lines, Inc.,* v. *Bates,* 200 Misc., 885, 111 N. Y. Supp. (2d), 568, the court held:

"2. The state has the power to levy a tax upon vehicles as compensation for the use of highways, and such power is not barred by the commerce clause of the United States Constitution (U. S. Const., Art. I, Section 8). * * * The formula employed by the state to exact reasonable compensation is sufficient if it is a rough approximation equating the tax to the privilege conferred. * * * The court cannot say that a tax upon road use measured by a ton-mile formula, applicable alike to interstate and intrastate commerce and in an amount not shown to be unreasonable, constitutes a violation of the interstate commerce clause of the United States Constitution.

"3. The exclusion of vehicles of 18,000 pounds or less from the tax is rational. While there is a difference of opinion whether the true measure of road damage is gross weight or axle load, the legislative decision thereon may not be judicially disturbed. * * * It has not been shown that the line drawn at 18,000 pounds lacks substantial basis.

"4. Since another statute taxes carriers of persons on the basis of gross receipts * * * the Legislature could properly exclude omnibuses from the operation of the weight-distance tax, which is more appropriate to cargo carriers. The existence of another tax, especially where the same taxes carriers of persons as distinguished from carriers of goods, is a good ground for exemption.

"5. The exception in favor of trucking vehicles of farmers is proper. The use of highways by farmers in connection with their agricultural products in contrast to that of commercial carriers may be infrequent and incidental. * * *"

Appellant states that trailers weighing less than 3,000 pounds unloaded are common upon our highways. It was apparently the conclusion of the Legislature following their intensive studies that such vehicles should be excluded from the application of the tax.

An alternative argument can be made for the exception of trailers weighing less than 3,000 pounds. This part of Section 5728.01, Revised Code, is in an exemption and not a substantive provision. Section 1.13, Revised Code, reads as follows:

"Each section of the Revised Code and every part of each section is an independent section and part of a section, and the holding of any section or a part thereof to be unconstitutional, void, or ineffective for any cause does not affect the validity or constitutionality of any other section or part thereof."

As stated in 10 Ohio Jurisprudence (2d), 264, Section 185:

"It is a well-established rule that parts of an enactment, when capable of separation, may be valid and effectual, while other parts may be void by reason of their repugnancy to a constitutional provision. Where a part of a statute is unconstitutional but may be separated from the other provisions, the validity of such other provisions is not affected thereby."

The test of separability of constitutional from unconstitutional provisions is outlined in 10 Ohio Jurisprudence (2d), 269, Section 191. The test is stated thusly:

"To ascertain whether an unconstitutional part of an enactment carries with it other parts, it is necessary to determine whether the Legislature would have passed the act with the unconstitutional part stricken therefrom. For a statute to be held

partially valid, its unconstitutional provisions must not be so related to its general scope or purpose as to warrant the conclusion that the Legislature would have refused to adopt it with its invalid portions omitted. * * *''

It should be observed at this point that the provision in question is an exemption from the application of the Ohio Highway Use Tax Law. The obvious purpose of the passage of the Ohio Highway Use Tax Law was to raise revenue for use in highway construction, reconstruction and maintenance. Certainly the Legislature would have passed the act without the provision exempting trailers weighing less than 3,000 pounds.

This problem has been considered by the Supreme Court of the United States. An instance in point is the case of *El Paso & Northeastern Ry. Co.* v. *Gutierrez, Admx.*, 215 U. S., 87, 54 L. Ed., 106, 30 S. Ct., 21. The following language appears at page 96 of the opinion:

''* * * Furthermore, it is the duty of the court, where it can do so without doing violence to the terms of an act, to construe it so as to maintain its constitutionality; and, whenever an act of Congress contains unobjectionable provisions separable from those found to be unconstitutional, it is the duty of this court to so declare, and to maintain the act in so far as it is valid. * * *''

In conclusion, this court has read the record and is of the opinion that none of the assignments of error of appellant is well taken and that the sections of the Revised Code herein referred to are constitutional, and for these reasons the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

PUTNAM and McLAUGHLIN, JJ., concur.