The alternative writ will be, and hereby is, dissolved and the motion for judgment on the pleadings sustained.

*Judgment accordingly.*

BRYANT, P. J., concurs.

KEY, TRUSTEE, ET AL., APPELLANTS, *v.* BOWERS, TAX COMMR., ET AL., APPELLEES.*

---

*Motion to certify the record overruled, January 18, 1961. Appeal dismissed, 171 Ohio St., 470.

(No. 6294—Decided July 12, 1960.)

*Messrs. Frieden, Wolf & Hoy* and *Messrs. Bamberger & Feibleman*, for appellants.

*Mr. Mark McElroy*, attorney general, and *Mr. Joseph D. Karam*, for appellees.

RADCLIFF, J. This is an appeal from the Board of Tax Appeals affirming an order of the Tax Commissioner conditionally remitting certain penalties applied to the assessments due from the appellant to the state of Ohio pursuant to Section 5728.10 of the Revised Code.

This case involves Chapter 5728 of the Revised Code. That chapter imposes the highway use tax, better known as the "axle-mile tax." A great deal of background on this tax may be garnered by following the record of its tortured course through the courts. This may be done by reading the case of *Geo. F. Alger Co.* v. *Bowers, Tax Commr.*, 166 Ohio St., 427, 143 N. E. (2d), 835, appeal dismissed, 358 U. S., 43, 3 L. Ed. (2d), 43, 79 S. Ct., 21. This background material is primarily of academic interest but should be examined before embarking on the discussion of any question involving Chapter 5728 of the Revised Code.

The appellant herein has abandoned all assignments of error except two. These assignments are quite lengthy and will be paraphrased in the interest of economy of space.

1. That both Section 5728.10, Revised Code, and Rule No. 126, promulgated by the Tax Commissioner, are unconstitutional.

2. That the decision of the Board of Tax Appeals is unreasonable and unlawful.

As to the constitutionality of Section 5728.10, Revised Code, that section provides for the assessment of the highway use tax and penalties upon the assessment in the event of failure to comply with the first paragraph of the statute. We start with the case of *Geo. F. Alger Co.* v. *Bowers, Tax Commr., supra* (164 Ohio St., 122), wherein the Supreme Court held that the delegated authority therein was proper and that the lodging of discretion as to the application of the legislatively declared policy in an administrative officer or agency is not improper. The next case is *McCreary* v. *Bowers, Tax Commr.,* 106 Ohio App., 445, 155 N. E. (2d), 224, the first paragraph of the syllabus of which reads as follows:

"Sections 5728.01 to 5728.14 inclusive, Revised Code (125 Ohio Laws, 369), the Ohio Highway Use Tax Law, are constitutional."

The Supreme Court of Ohio, in *McCreary* v. *Bowers, Tax Commr.,* 165 Ohio St., 64, 150 N. E. (2d), 850, dismissing the appeal, said it did so "for the reason that no debatable constitutional question is involved."

The above cases certainly are indicative of the law so far as the constitutionality of Section 5728.10 of the Revised Code is concerned.

On April 6, 1960, the Supreme Court, by its decision in *Interstate Motor Freight System* v. *Bowers, Tax Commr.,* 170 Ohio St., 483, 166 N. E. (2d), 229, probably made the question raised by the first assignment of error moot. That decision also, in all probability, negates the necessity of an opinion in this case. However, as counsel for the appellant and appellee have worked long, hard and well, we feel constrained to write these few paragraphs.

In the *Interstate case*, the Board of Tax Appeals endeavored to substitute its judgment for the authority conferred by Section 5728.10 of the Revised Code and Rule No. 126 upon the Tax Commissioner, without finding he had abused his discretion. The Supreme Court passed upon the propriety of both the statute and the rule promulgated pursuant thereto. This, taken in connection with the cases already cited, clearly indicates that Section 5728.10 of the Revised Code and Rule No. 126 promulgated by the Tax Commissioner do not violate either the "due

process'' clause or the ''equal protection of the law'' clauses of the Constitutions of the United States or the state of Ohio.

As to the second assignment of error, it is not well taken. We find the decision of the Board of Tax Appeals herein appealed from is neither unreasonable nor unlawful.

The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

GILLEN, P. J., and COLLIER, J., concur.

GILLEN, P. J., RADCLIFF and COLLIER, JJ., of the Fourth Appellate District, sitting by designation in the Tenth Appellate District.