BOARD OF EDUCATION OF THE SOUTH-WESTERN CITY SCHOOLS, APPELLANT, *v.* KINNEY, TAX COMMR., ET AL., APPELLEES.

[Cite as Bd. of Edn. of South-Western City Schools *v.* Kinney (1986), 24 Ohio St. 3d 184.]

(No. 85-1585—Decided July 2, 1986.)

*Teaford, Rich, Belskis, Coffman & Wheeler* and *Jeffrey A. Rich,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellee Tax Commissioner.

*Ronald J. O'Brien,* city attorney, and *Debi Everson,* for appellee city of Columbus.

DOUGLAS, J.  The school board's first argument is that the golf course's tax-exempt status somehow violates the equal protection guarantees of the Ohio and United States Constitutions. The city of Columbus, on the other hand, contends that this issue is not properly before the court since it was neither raised, nor considered, in the proceedings below.

As a general rule, this court will not consider matters which were not presented to the Board of Tax Appeals. *Neil House Hotel Co.* v. *Bd. of Revision* (1946), 147 Ohio St. 231 [34 O.O. 127], paragraph one of the syllabus. It has been stated that there should be a "constitutional issue" exception to the general rule because the Board of Tax Appeals has no authority to declare statutes unconstitutional. See *McCreary* v. *Bowers* (1958), 106 Ohio App. 445, 446 [7 O.O.2d 187], appeal dismissed (1958), 168 Ohio St. 64 [5 O.O.2d 308]. The school board's attorney stated during oral argument that raising the constitutional issue in the proceedings below would have been futile. We disagree. First of all, a fundamental distinction must be recognized between the constitutional application of legislation to particular facts, and the constitutionality of the legislation itself. In this case, the school board challenges the constitutional application of legislation to particular facts. Specifically, it argues "* * * with respect to this case, the operation of R.C. 5709.08 does result in * * * discrimination against members of the same class as to deny owners of private golf courses the equal protection of the laws. * * *"

One who challenges the constitutional application of legislation to particular facts is required to raise that challenge at the first available opportunity during the proceedings before the administrative agency. Cf. *Sun*

*Finance & Loan Co.* v. *Kosydar* (1976), 45 Ohio St. 2d 283, 284, fn. 1 [74 O.O.2d 434]. Otherwise, it would be impossible to develop the factual record necessary for the resolution of the case. *Petrocon* v. *Kosydar* (1974), 38 Ohio St. 2d 264 [67 O.O.2d 332].[2] Had the equal protection issue in this case, for instance, been raised during the proceedings before the attorney examiner, it is entirely possible that the city of Columbus would have developed an evidentiary record sufficient to show that the statute was applied constitutionally. By waiting until now to raise the issue, the school board has deprived the city of an opportunity to develop the record on this point. This itself raises due process considerations. Furthermore, the school board's failure to raise the constitutional issue during the proceedings below has prevented this court from receiving the expert commentary of the Tax Commissioner and the Board of Tax Appeals on the equal protection issue. Finally, this court has repeatedly stated that it reviews decisions of the Board of Tax Appeals *on appeal,* and that it is not a trier of fact *de novo. Operation Evangelize* v. *Kinney* (1982), 69 Ohio St. 2d 346, 347 [23 O.O.3d 315].

For all of the foregoing reasons, we hold that a party that challenges the constitutionality of the application of a tax statute in a particular situation is required to raise that challenge at the first available opportunity during the proceedings before the Tax Commissioner, and a failure to do so constitutes a waiver of that issue.

The school board's next argument is that the golf course is not entitled to tax-exempt status because it is not used exclusively for a public purpose. Specifically, the school board argues that the snack shop and pro-shop are operated to generate profit for private concerns, and that the efficiency apartment is operated to the benefit of a private person.

Before addressing the school board's argument, we emphasize that our scope of review is limited and that we will not overturn the Board of Tax Appeals' decision if it is reasonable and lawful. *Operation Evangelize, supra.*

R.C. 5709.121 defines the term "exclusively" as follows:

"Real property * * * belonging * * * to the state or a political subdivision, shall be considered as used exclusively for * * * public purposes by * * * the state, or political subdivision, if it is * * *:

"* * *

"(B) * * * made available under the direction or control of * * * the

---

[2] In *S.S. Kresge Co.* v. *Bowers* (1960), 170 Ohio St. 405 [11 O.O.2d 157], the court held that the constitutional issue could be raised, for the first time, in this court. We believe that *Sun Finance* and *Petrocon* overruled *Kresge Co.* by implication. Both cases indicated that the party challenging the constitutionality of a tax statute must present evidence of an existing state of facts which makes the application of the statute unconstitutional. Since this court will not consider evidence not adduced in the Board of Tax Appeals, it must be concluded that the constitutional issue is to be raised for the first time at the board level.

state, or political subdivision for use in furtherance of or incidental to its * * * public purposes and not with a view to profit."

We hold that the renting of the efficiency apartment did not violate the "exclusively for a public purpose" requirement of R.C. 5709.08. The record discloses that the apartment was rented out to insure that someone would usually be at the golf course during evening hours to deter vandalism and other damage to the public's property. Clearly, this was done for a purpose incidental to the course's public purpose and not with a view to profit.

Next, we hold that the operation of the pro-shop did not violate the "exclusively for a public purpose" requirement of R.C. 5709.08. The brief record in this case reveals that the course pro was a city employee who was paid "a small salary" and who was allowed to supplement that small salary by selling articles in the pro-shop. What the record does not reveal is how many, if any, items he sold, and how much profit, if any, he made as a result. For all we know, any profit he made was inconsequential and trivial and there is nothing in the record to suggest otherwise. Given our limited scope of review, we cannot find that the decision of the Board of Tax Appeals with regard to the pro-shop was unreasonable or unlawful.

Finally, we hold that the operation of the snack shop did not violate the "exclusively for a public purpose" requirement of R.C. 5709.08. The snack shop was leased out to a private concessioner for twenty-two percent of gross sales. Again, the record does not reveal how many, if any, snack shop sales were made. For all we know, the number of sales the concessioner made was inconsequential and trivial and, again, there is nothing in the record to suggest otherwise. Given our limited scope of review, we cannot find that the decision of the Board of Tax Appeals with regard to the snack shop was either unreasonable or unlawful.

For all of the foregoing reasons, we find, that on the record before us, the decision of the Board of Tax Appeals is reasonable and lawful and is hereby affirmed.

*Decision affirmed.*

SWEENEY, LOCHER and WRIGHT, JJ., concur.

CELEBREZZE, C.J., concurs in the syllabus and judgment only.

HOLMES, J., concurs in judgment only.

C. BROWN, J., concurs in part and dissents in part.

CLIFFORD F. BROWN, J., concurring in part and dissenting in part. Although I concur in the result because the factual record as developed below is simply insufficient to support a finding that R.C. 5709.08 was un-

constitutionally applied in this instance, I must respectfully dissent from the syllabus and from those portions of the opinion in which the majority requires that issues of constitutionality of legislation must be raised before the Tax Commissioner and Board of Tax Appeals and that the "failure to do so constitutes a waiver" of those issues.

That there "should be" a "constitutional issue" exception to the general rule that this court will not consider matters which were not presented to the Board of Tax Appeals is far more than a mere recommendation; until today, it was the law of Ohio as previously pronounced by this court. See *S.S. Kresge Co.* v. *Bowers* (1960), 170 Ohio St. 405 [11 O.O.2d 157], in which this court held in paragraph one of the syllabus that "the Board of Tax Appeals of Ohio is an administrative agency and is without jurisdiction to determine the constitutional validity of a statute." Therefore, in paragraph two of the syllabus, we continued: "*Such constitutional question may be raised in this court although not previously raised before the Board of Tax Appeals.*" (Emphasis added.)

Nor can I agree with the majority's attempt to distinguish between "the constitutionality of the legislation itself" and "the constitutional application of legislation to particular facts." No such distinction was drawn in *Kresge, supra,* despite the appellant's contention in that case, for the first time on appeal to this court, that it had been "deprived of its property without due process of law because of misconstruction *and misapplication* of the statutory provisions * * *." (Emphasis added.) *Id.* at 406.

Accordingly, I respectfully dissent from the syllabus and from those portions of the opinion which constitute an implied overruling of this court's sound holdings in *Kresge, supra.*