915 F.2d 1571
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry HEGEDUS, Plaintiff-Appellant,
v.
Joanne LIMBACH, Commissioner, Ohio Department of Taxation,
Defendant-Appellee.
 No. 90-3060.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1990.
 
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Jerry Hegedus, a pro se Ohio resident, appeals the district court's dismissal of his civil complaint filed pursuant to 28 U.S.C. Sec. 1343. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory relief, Hegedus filed suit against the Commissioner of the Ohio Department of Taxation challenging the constitutionality of the Great Lakes Interstate Sales Compact. The Compact is an agreement executed by several states, including Ohio, which is designed to increase compliance with each state's sales and use tax laws. The defendant filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), and Hegedus responded. Thereafter, the district court granted the defendant's motion and dismissed the action, finding that the Tax Injunction Act, 28 U.S.C. Sec. 1341, was a complete bar to federal court jurisdiction.
 
 
 3
 On appeal, Hegedus reasserts his claim and argues that the Tax Injunction Act was inapplicable in this case because interstate compacts do not fall into the category of state laws.
 
 
 4
 Upon review, we affirm the district court's judgment. An order from the district court declaring the Compact unconstitutional would interfere with the participating states' ability to collect information used to assess taxes on out-of-state vendors. Thus, the action is barred by the Tax Injunction Act. See California v. Grace Brethren Church, 457 U.S. 393, 408 (1982); In re Gillis, 836 F.2d 1001, 1003 (6th Cir.1988). Moreover, Hegedus' state remedies are plain, adequate, and complete because under Ohio law, he has the right to challenge any assessment before the Ohio Tax Commissioner, the Board of Tax Appeals, and the Ohio state courts. See Ohio Rev.Code Secs. 5717.02 and 5717.04. Hegedus can also raise any constitutional objection he has during those state proceedings. See South-Western City Schools v. Kinney, 24 Ohio St.3d 184 (1986).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.