OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.
Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.
NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Warman, Auditor, Appellant, v. Tracy, Tax Commr., et al., Appellees.
[Cite as Warman v. Tracy (1994),        Ohio St.3d        .]
Taxation -- Unconstitutionality of a tax statute must be raised in notice of appeal to Board of Tax Appeals -- Supreme Court without jurisdiction to consider claim of unconstitutionality when issue not raised in notice of appeal to Board of Tax Appeals.
(No. 93-1693 -- Submitted June 9, 1994 -- Decided September 14, 1994.)
Appeal from the Board of Tax Appeals, No. 92-P-1355.
Bonnie Warman, Champaign County Auditor, appellant, appealed a preliminary assessment certificate issued by the appellee Tax Commissioner of Ohio, to the Board of Tax Appeals ("BTA"). The preliminary assessment certificate apportioned the taxable values of property owned by appellee AT&T Communications of Ohio, Inc. to several taxing districts in Champaign County. Warman claimed in her notice of appeal that the certificate grossly undervalued AT&T's property and deemed as obsolete property that was not.
On motion of the commissioner, the BTA dismissed the appeal. The BTA ruled that it had no jurisdiction because a preliminary assessment certificate is not a final determination of the commissioner under R.C. 5727.23, and, thus, an appeal does not lie from its issuance.
The cause is now before this court upon an appeal as of right.

Darrell Heckman, Champaign County Prosecuting Attorney, and Scott F. Sturges, Assistant Prosecuting Attorney, for appellant.
Lee Fisher, Attorney General, and Janyce C. Katz, Assistant Attorney General, for the appellee Tax Commissioner.
Squire, Sanders & Dempsey and Ted B. Clevenger, for appellee AT&T Communications of Ohio, Inc.

Per Curiam. Warman concedes that R.C. 5727.23 does not permit this appeal. We noted as much in French v. Limbach

(1991), 59 Ohio St. 3d 153, 156, 571 N.E.2d 717, 719, fn. 1. Nevertheless, Warman seeks a hearing to establish that the statute, as it applies to her, denies her due process.

However, Cleveland Gear Co. v. Limbach (1988), 35 Ohio St.3d 229, 520 N.E. 2d 188, paragraph three of the syllabus states:

"The question of whether a tax statute is unconstitutional when applied to a particular state of facts must be raised in the notice of appeal to the Board of Tax Appeals, and the Board of Tax Appeals must receive evidence concerning this question if presented, even though the Board of Tax Appeals may not declare the statute unconstitutional. (Bd. of Edn. of South-Western City Schools v. Kinney [1986], 24 St.3d 184, 24 OBR 414, 494 N.E.2d 1109, construed)."

We hold that we have no jurisdiction to consider this constitutional claim. Warman asserts that the statute, as applied to her, is not constitutional. She did not mention this claim in her notice of appeal to the BTA, and, consequently, Cleveland Gear forecloses her appeal.

Accordingly, we affirm the decision of the BTA.

Decision affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.