OILER, Appellant,

v.

OHIO BUREAU OF MOTOR VEHICLES, Appellee.

[Cite as *Oiler v. Ohio Bur. of Motor Vehicles* (1996), 109 Ohio App.3d 865.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 95CA2348.

Decided March 20, 1996.

*Robert R. Dever,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Matthew L. Sagone,* Assistant Attorney General, for appellee.

---

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Scioto County Common Pleas Court which upheld the Motor Vehicle Salvage Dealers' Licensing Board's decision to deny appellant Philip Oiler's application for renewal of his motor vehicle salvage dealer's license. The appellant assigns the following error for our review:

"Section 4738.03 of the Ohio Revised Code is inoperative and void for indefiniteness and violates the Due Process Clause of the Fifth and Fourteenth Amendment to the United States Constitution."

On July 25, 1994, the Ohio Bureau of Motor Vehicles, appellee, informed the appellant that his application for renewal of his motor vehicle salvage dealer's license was denied pursuant to R.C. 4738.07(B), because he was not engaged primarily in the business of selling at retail salvage motor vehicle parts as required by R.C. 4738.03(A). R.C. 4738.03(A) states the following:

"(A) No person licensed as a motor vehicle salvage dealer under this chapter shall engage in the business of selling at retail salvage motor vehicle parts or salvage motor vehicles, unless the business is operated primarily for the purpose of selling at retail salvage motor vehicle parts. Any person operating such a

business primarily for the purpose of selling at retail salvage motor vehicle parts may secondarily sell at retail salvage motor vehicles * * *."

The appellant appealed this decision to the Motor Vehicle Salvage Dealers' Licensing Board.

At the hearing, evidence was presented that the appellant's revenues from salvage motor vehicles exceeded his revenues from salvage motor vehicle parts. Appellant did not dispute this evidence. The board determined that in order for a dealer to operate "primarily for the purpose of selling at retail salvage motor vehicle parts," at least fifty-one percent of his gross income must be generated by the "sale" of parts. Since the appellant could not make this showing, the board found that the appellant was not primarily in the business of selling salvage motor vehicle parts at retail and had therefore violated R.C. 4738.03(A).

The appellant appealed this decision to the trial court pursuant to R.C. 119.12. The trial court affirmed the board's decision, finding that the board's order was supported by reliable, probative and substantial evidence and was in accordance with law. This appeal follows.

The appellant submits that R.C. 4378.03(A) is void for indefiniteness. Specifically, he argues that the phrase "primarily for the purpose of selling at retail salvage motor vehicle parts" is vague because it is not clear whether this means that the majority of one's revenues must come from selling parts or that the majority of one's time must be spent selling parts.

Appellant did not raise the question of the constitutionality of R.C. 4378.03(A) at the agency level. The Ohio Supreme Court has held that the issue of whether a statute is unconstitutional in its application must be raised at the agency level. See *South–Western City Schools Bd. of Edn. v. Kinney* (1986), 24 Ohio St.3d 184, 24 OBR 414, 494 N.E.2d 1109. The court reasoned in *Kinney* that it was necessary to raise such a constitutional challenge during the administrative process in order to develop a factual record in the case to show how the statute was being applied in order to test its constitutionality. However, in *Cleveland Gear Co. v. Limbach* (1988), 35 Ohio St.3d 229, 520 N.E.2d 188, the court held that the issue of whether a statute was unconstitutional on its face need not be raised at the agency level. Thus, we must determine whether the appellant is challenging R.C. 4738.03(A) facially or as applied.

■ R.C. 4738.03(A) is a regulation of an economic and business activity. Therefore, it is subject to a lenient constitutional standard of review. *Hoffman Estates v. Flipside Hoffman Estates, Inc.* (1982), 455 U.S. 489, 498, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362, 371. The United States Supreme Court has further held that a vagueness challenge to a statute which does not threaten First Amendment rights is examined in light of the facts of the case at hand; thus,

such a challenge will always be considered a constitutional challenge to the regulation as applied rather than a facial challenge. *Maynard v. Cartwright* (1988), 486 U.S. 356, 361, 108 S.Ct. 1853, 1857, 100 L.Ed.2d 372, 380.

Accordingly, we must conclude that the appellant's vagueness claim challenges the constitutionality of R.C. 4738.03(A) as applied to the appellant's case. Therefore, the appellant had to raise the challenge at the agency level. See *Kinney, supra.* Since the appellant did not do so, we find that this claim has been waived.

The appellant's sole assignment of error is hereby overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

PETER E. ABELE, P.J., and KLINE, J., concur.