Appellants, Southgate I II, Inc. and Elaine Iheama, appeal the trial court's adoption of a magistrate's decision which affirmed the order and decision of Appellee, Ohio Department of Health, to deny Appellants' application for licensure for two adult group homes. For the following reasons, we affirm the decision of the trial court.
On April 3, 1995, Appellee notified Appellants that it proposed to deny Appellants' application for licensure of two adult group homes. Appellee stated that Appellants failed to secure an affiliation agreement with the community mental health board or with the mental health agency providing mental health services to Appellants pursuant to Ohio Adm. Code § 3701-20-17(H) Appellants requested a hearing which was held on May 24, 1996. At the hearing, the parties stipulated that Appellants had not obtained a valid affiliation agreement. An independent hearing officer recommended that Appellee deny licensure for Appellants based on the failure to obtain an affiliation agreement. On January 11, 1997, Appellee entered an Adjudication Order which denied licensure for Appellants.
On January 22, 1997, Appellants appealed the Adjudication Order to the Mahoning County Court of Common Pleas arguing that the adjudication order was not in accordance with the law, that it was against the manifest weight of the evidence, and that it denied Appellants' use of their property in violation of their right to due process and equal protection. On August 20, 1997, the magistrate of the common pleas court issued a decision upholding Appellee's denial of Appellants' licensure. On September 16, 1997, the lower court adopted the magistrate's decision. The court noted that Appellants failed to object to the magistrate's decision and found no error of law or other defect on the face of the decision.
On September 18, 1997, Appellants filed their notice of appeal. Appellants' assignment of error alleges:
 "THE JUDGMENT ENTRY OF THE COURT BELOW AFFIRMING THE ADJUDICATION ORDER'S DENIAL OF APPELLANTS' LICENSE APPLICATION IS NOT IN ACCORDANCE WITH LAW, AND THEREFORE MUST BE REVERSED."
Appellant argues that the denial of their license application for failure to comply with the requirements of the Ohio Administrative Code abridged their fundamental right to due process and their property and liberty interests. Appellants are estopped from bringing their arguments on appeal because of their failure to raise these issues appropriately below.
We may not consider Appellant's assignment of error here as they failed to object to the magistrate's decision below. A party may file written objections to the magistrate's decision within fourteen (14) days of the filing of the decision. Civ.R. 53(E)(3)(a). Objections must be specific and stated with particularity. Civ.R. 53(E)(3)(b). Furthermore, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under [Civ.R. 53]." Civ.R. 53(E)(3)(b). "This rule reinforces the finality of trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection." Civ.R. 53(E)(3)(b), commentary.
In the matter before us, the record reflects an absolute failure on Appellants' part to file any sort of objections to the magistrate's decision. Instead, Appellants sat on their hands and allowed the lower court to adopt this decision as its own, then filed the present appeal. According to the clear language of Civ.R. 53, Appellants are prohibited from raising any issues in this appeal because they have waived them. Further, the record reflects that several of Appellants' arguments were never raised before the administrative body. Once again, Appellants have waived these claims. Board of Ed. v. Kinney (1986), 24 Ohio St.3d 184,185; Loyal Order of Moose Lodge No. 1473 v. Liquor ControlComm. (1994), 95 Ohio App.3d 109, 114.
Based on Civ.R. 53 and Appellants' total failure to file objections in the lower court, we affirm the decision of the trial court to adopt the magistrate's decision.
Donofrio, J., concurs., Vukovich, J., concurs.
APPROVED:
 ___________________________________ CHERYL L. WAITE, JUDGE