DECISION AND JUDGMENT
{¶ 1} This is an administrative appeal from a judgment of the Lucas County Court of Common Pleas affirming the decision of defendant-appellee the Ohio Motor Vehicle Dealers Board ("Board") to revoke the used motor vehicle dealer's license of plaintiff-appellant Abe's Auto Sales, James M. McCune, owner. For the following reasons, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} The facts of this case are as follows. At all times relevant hereto, appellant was engaged in the business of selling used motor vehicles in Toledo, Lucas County, Ohio. Abe's Auto Sales is owned by James McCune, and the business was conducted pursuant to a license to sell used motor vehicles, which was issued by the state of Ohio, Bureau of Motor Vehicles ("BMV"). On May 16, 2005, appellant sold a 1991 Buick Regal to Yolanda Chambers, although all relevant paperwork associated with the sale was signed by Chambers' sister, Maria Jones. The bill of sale reflecting the transaction noted the car's VIN number and odometer reading but the odometer disclosure statement had been left blank except for Maria Jones' signature. At the time of the sale, the car was titled in the name of Ed Schmidt's Pontiac and appellant was unable to transfer the vehicle's title to Chambers and/or Jones. Eventually, the vehicle was repossessed and placed back on appellant's lot.
 {¶ 3} On June 24, 2005, Sean Rizer, an investigator with the Toledo office of the BMV, initiated an investigation of appellant after learning that McCune had repossessed a vehicle to which he had not first obtained title. Rizer went to the dealership to speak with McCune. McCune was not at the office, so Rizer spoke with a secretary who provided him with the records for the 1991 Buick Regal. Upon reviewing the paperwork and investigating the dealership, Rizer noted several violations including that the title was not in the records and the odometer disclosure statement was not filled out, although it had been signed by Maria Jones without a date of signature. *Page 3 
 {¶ 4} On June 30, 2005, McCune was charged in Toledo Municipal Court with violating R.C. 4505.18(A)(2), which reads: "No person shall * * * [d]isplay or display for sale or sell as a dealer or acting on behalf of a dealer, a motor vehicle without having obtained a manufacturer's or importer's certificate, a certificate of title, or an assignment of a certificate of title for it as provided in this chapter[.]" Subsequently, McCune entered a plea of no contest to, and was found guilty of, attempting to commit an offense of displaying a motor vehicle without a title in violation of the quoted statute and R.C. 2923.02, a third degree misdemeanor.
 {¶ 5} On November 18, 2005, the board issued a complaint against appellant which notified him that the board was contemplating suspending or revoking his license as a sanction for appellant's violations of R.C. 4517.25, 4517.26 and 4517.44 and Ohio Adm. Code 4501:1-3-04. Specifically, the complaint charged appellant with failure to complete an odometer mileage statement, failure to reflect a trade-in on a purchase agreement, displaying motor vehicles for sale without having obtained the certificates of title in appellant's name, and being convicted of attempting to display a motor vehicle without a title. The complaint was signed by Franklin R. Caltrider, the registrar/secretary of the board.
 {¶ 6} On July 20, 2006, the board held a hearing on the complaint at the Department of Public Safety in Columbus, Ohio. The board president, Michelle Primm, and board members Roberto Vazquez, George Byers, David Razik and Jamie Bryan, presided over the hearing at which Sean Rizer, the BMV investigator, and James McCune *Page 4 
testified. In addition, a number of exhibits were admitted into evidence, including the report of Rizer's investigation and the bill of sale and incomplete odometer disclosure statement covering the sale of the 1991 Buick Regal.
 {¶ 7} On July 26, 2006, the board issued an adjudication order revoking appellant's license as a used motor vehicle dealer. In that order, the board found that with regard to the sale of the 1991 Buick Regal on or about May 16, 2005, an odometer disclosure statement had not been completed and the purchase agreement completed for this sale did not reflect a trade-in made by the purchaser. The board also found that on or about June 24, 2005, ten motor vehicles out of nineteen on the display lot were being displayed for sale at Abe's Auto Sales dealership without the dealer having obtained certificates of title in the dealership's name for those vehicles. Finally, the order found that on or about October 26, 2005, James McCune was found guilty in Toledo Municipal Court of attempting to display a motor vehicle without a title, in violation of R.C. 2923.02 and 4505.18(A)(2). Based on these facts, the board reached the following conclusions of law:
 {¶ 8} "1. Not completing an odometer mileage disclosure statement on each vehicle a dealer sells, and not listing an amount credited to a buyer for any trade-in on the contract or purchase agreement for a sale, are violations of Sections 4517.25, 4517.26, and 4517.44 of the Ohio Revised Code, and of Section 4501:1-3-04 of the Ohio Administrative Code. *Page 5 
 {¶ 9} "2. The violations of Sections 4517.25, 4517.26, and 4517.44 of the Ohio Revised Code, and the violation of Section 4501:1-3-04 of the Ohio Administrative Code, would have been grounds for the denial of an application for used motor vehicle dealer's license pursuant to Section 4517.12(A)(2) of the Revised Code.
 {¶ 10} "3. Any conviction for a fraudulent act in connection with selling or otherwise dealing in motor vehicles would be grounds for the denial of an application for license pursuant to Section 4517.12(A)(5) of the Ohio Revised Code.
 {¶ 11} "4. When any ground exists that would be cause for refusal to issue a license, the Board shall suspend or revoke or notify the registrar to refuse to renew the used motor vehicle dealer's license pursuant to Section 4517.33 of the Ohio Revised Code.
 {¶ 12} "5. When the licensee has been convicted of committing a felony or violating any law that in any way relates to the selling, taxing, licensing, or regulation of sales of motor vehicles, the Board may suspend or revoke the used motor vehicle dealers license pursuant to Section 4517.33 of the Ohio Revised Code."
 {¶ 13} Based on these findings of fact and conclusions of law, the board revoked appellant's used motor vehicle dealer's license. Pursuant to R.C 119.12, appellant appealed that order to the Lucas County Court of Common Pleas. Upon review, that court held that because there was reliable, probative and substantial evidence to support the finding that appellant failed to maintain a mileage disclosure statement for the car it sold to Maria Jones, appellant failed to maintain records in violation of R.C. 4517.44 and *Page 6 
Ohio Adm. Code 4501:1-3-04. The court further found that because McCune had been convicted of attempting to display a motor vehicle without a title, the board had the authority to revoke appellant's license pursuant to R.C. 4517.33. The court, however, determined that the board's remaining findings were not supported by reliable, probative and substantial evidence.
 {¶ 14} Appellant now challenges the lower court's judgment through the following assignments of error:
 {¶ 15} "Argument One
 {¶ 16} "The statutes and administrative regulations authorizing the Ohio Motor Vehicle Dealers Board to bring charges against the appellant and then determine the legitimacy of those very same charges are unconstitutional on their face. Accordingly, the appellant was denied his constitutional right to due process of law when the Board brought charges against the appellant and then decided the merits of those very same charges.
 {¶ 17} "Argument Two
 {¶ 18} "The lower court's finding that the appellant waived the aforementioned constitutional challenge by failing to first raise it before the administrative tribunal constitutes prejudicial error.
 {¶ 19} "Argument Three
 {¶ 20} "It was plain error for the administrative agency to proceed as it did enabling this court to proceed with the merits of the appellant's constitutional challenge *Page 7 
without considering whether or not the appellant waived his right to assert such a challenge on appeal.
 {¶ 21} "Argument Four
 {¶ 22} "It was contrary to law and an abuse of discretion for the common pleas court to sustain the finding of the Board that the appellant failed to maintain an odometer disclosure statement in violation of 4501:1-3-04 of the Ohio Administrative Code and R.C. 4517.44.
 {¶ 23} "Argument Five
 {¶ 24} "The appellant was under no duty to have an odometer disclosure statement in his possession when the Board claims that he violated Ohio Administrative Code 4501:1-3-04 and R.C. 4517.44
 {¶ 25} "Argument Six
 {¶ 26} "Since the lower court's findings and conclusions that appellant violated 4501:1-3-04 of the Ohio Administrative Code and R.C. 4517.44 are erroneous and contrary to law then the trial court's conclusion that appellant could have been denied a license pursuant to R.C. 4517.12(A)(2) for violations of this statute and rule thereby justifying appellant's license suspension under R.C. 4517.33 and4517.12(A)(2) is also contrary to law.
 {¶ 27} "Argument Seven
 {¶ 28} "The decision of the common pleas court that the appellant's conviction for an attempt to display a motor vehicle without title in violation of 4505.18(A)(2) and *Page 8 
R.C. 2923.02 justified the revocation of his dealers license pursuant to R.C. 4517.33 was contrary to law and an abuse of discretion.
 {¶ 29} "Argument Eight
 {¶ 30} "The decision of the Lucas County Common Pleas Court affirming the Board's conclusion that the appellant committed a fradualent [sic] act by virtue of being convicted of attempting to display a motor vehicle is erroneous, contrary to law and an abuse of discretion. As a result the lower court's approval of the Board's revocation of the appellant's dealer's license pursuant to R.C. 4517.33 and 4517.12(A)(5) is contrary to law."
 {¶ 31} R.C. 119.12 governs appeals from decisions of licensing boards. Pursuant to that statute, a court of common pleas must determine whether the board's order is supported by reliable, probative and substantial evidence, and is in accordance with law. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621. In its review, the common pleas court may consider the credibility of competing witnesses, as well as the weight and probative character of the evidence. Vesely v. LiquorControl Comm. (Mar. 29, 2001), 10 Dist. No. 00AP-1016, citingAndrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275, paragraph one of the syllabus. Thus, the common pleas court may, to a limited extent, substitute its judgment for that of the administrative agency. Nevertheless, the court of common pleas must give due deference to the administrative resolution of evidentiary conflicts. Univ. of Cincinnativ. Conrad (1980), 63 Ohio St.2d 108, 111. *Page 9 
 {¶ 32} On appeal from the common pleas court, an appellate court's review of an administrative determination is even more limited.Pons, supra at 621. With respect to factual issues, the scope of this court's review is limited to determining whether the common pleas court abused its discretion in determining whether the board's order was supported by reliable, probative and substantial evidence. Hartzog v.Ohio State Univ. (1985), 27 Ohio App.3d 214, 216. On questions of law, however, the appellate court, like the court of common pleas, reviews the board's determination de novo. In re Raymundo (1990),67 Ohio App.3d 262, 265.
 {¶ 33} Appellant's first, second and third arguments, or assignments of error, are related and will be addressed together. As they raise questions of law, we review them de novo. Appellant asserts that the provisions in the Ohio Revised Code and the Ohio Administrative Code that authorize the board to bring charges against appellant and then determine the legitimacy of those same charges are unconstitutional on their face and violated appellant's right to due process. Appellant attempted to raise this issue before the common pleas court. That court held, however, that appellant waived this argument by failing to first raise it before the administrative agency. Appellant contends that the lower court erred in holding that the waiver doctrine applies to this issue and that even if the waiver doctrine does apply, we should proceed with the merits of appellant's argument because it was plain error for the board to proceed as it did in violation of appellant's due process rights. *Page 10 
 {¶ 34} We must first determine if appellant has waived his right to challenge the constitutionality of the applicable statutes by failing to first raise the issue before the board. In Am. Legion Post 0046 Bellevuev. Ohio Liquor Control Comm. (1996), 111 Ohio App.3d 795, 797, this court discussed constitutional challenges to administrative proceedings as follows:
 {¶ 35} "In Cleveland Gear Co. v. Limbach (1988), 35 Ohio St.3d 229, * * * the Ohio Supreme Court held that a party challenging the constitutionality of a statute as applied must raise the challenge at the first available opportunity during the administrative proceedings. See, also, Consumers' Counsel v. Pub. Util. Comm. (1994),70 Ohio St.3d 244, 248 * * *.
 {¶ 36} "The commission [however] has no authority to pass on the [facial] constitutionality of a statute. Therefore, in contrast to the requirement that a party must raise the constitutionality of a statute as applied to that party at the first opportunity, a party need not raise the question of the facial constitutionality of a statute before the commission in order to be entitled to present it on appeal in the trial court. Rahal v. Liquor Control Comm. (1965), 1 Ohio App.2d 263,271 * * *."
 {¶ 37} Appellant asserts that because it has challenged the facial constitutionality of the statutory scheme under which its license was revoked, the trial court erred in failing to rule on the issue. In contrast, appellee contends that appellant's challenge is to the constitutionality of the statutory scheme as applied and, as such, appellant was *Page 11 
required to raise the issue before the board. We must therefore determine if appellant is challenging the statutory scheme facially or as applied.
 {¶ 38} A review of appellant's brief filed before the common pleas court reveals that appellant challenged the statutory scheme only as applied to himself. Nowhere in appellant's brief before the lower court did appellant identify the provisions of the Ohio Revised Code and/or Ohio Administrative Code that it asserted were unconstitutional on their face. Appellant alleged that because the administrative tribunal, the board, performed the dual functions of accuser and arbiter, the tribunal was tainted and appellant's due process rights were violated. In footnote No. 2 of that brief, however, appellant noted: "The Board could have easily circumvented this problem. It could have asked the Ohio Attorney General and/or the Lucas County Prosecuting Attorney to prepare the complaint against the appellant and take on the role of accuser. R.C. 4515.34 clearly requires these agencies to assist the Board in carrying out its duties in prosecuting and defending matters pertinent to the Board's functions." Accordingly, before the common pleas court, appellant only challenged the statutes as they were applied to appellant's case. Because appellant failed to first raise this issue before the board, the lower court properly determined that appellant waived its right to challenge the procedure on appeal. See Oiler v. OhioBur. of Motor Vehicles (1996), 109 Ohio App.3d 865. The first and second assignments of error are not well-taken.
 {¶ 39} Appellant further contends, however, under his third assignment of error, that the board committed plain error in proceeding with the administrative hearing where *Page 12 
the board acted as prosecutor, judge and jury, all in violation of appellant's due process rights. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus.
 {¶ 40} In Withrow v. Larkin (1975), 421 U.S. 35, the United States Supreme Court addressed the due process issues involved when investigative and adjudicative functions are combined in one body. Although the court recognized that the basic due process requirements of a fair trial in a fair tribunal are equally applicable to adjudications before administrative agencies, Id. at 46-47, the court concluded that "* * * the combination of investigative and adjudicative functions does not, without more, constitute a due process violation * * *." Id. at 58. The court continued:
 {¶ 41} "Judges repeatedly issue arrest warrants on the basis that there is probable cause to believe that a crime has been committed and that the person named in the warrant has committed it. Judges also preside at preliminary hearings where they must decide whether the evidence is sufficient to hold a defendant for trial. Neither of these pretrial involvements has been thought to raise any constitutional barrier against the judge's presiding over the criminal trial and, if the trial is without a jury, against making the necessary determination of guilt or innocence. * * * It is also very typical for the *Page 13 
members of administrative agencies to receive the results of investigations, to approve the filing of charges or formal complaints instituting enforcement proceedings, and then to participate in the ensuing hearings. This mode of procedure * * * does not violate due process of law." Id. at 56.
 {¶ 42} To establish a due process violation, the challenging party must "overcome a presumption of honesty and integrity in those serving as adjudicators; and it must convince that, under a realistic appraisal of psychological tendencies and human weakness, conferring investigative and adjudicative powers on the same individuals poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented." Id. at 47.
 {¶ 43} Appellant contends, under the authority of Kiger v. Albon
(1991), 76 Ohio App.3d 301, that actual prejudice and actual bias of members of an administrative tribunal need not be shown to demonstrate a due process violation. In Kiger, however, we determined that the due process violation occurred when a village counsel member, who initiated termination proceedings against the fire chief while acting as mayor, then voted to terminate the fire chief when the issue came before the village counsel. That is, the counsel member participated in the termination proceedings that she personally initiated. We held that her participation in this manner was a fundamental violation of due process and inherently prejudicial. In the present case, there is no evidence that any individual member of the board who participated in the administrative hearing initiated the proceedings against appellant. *Page 14 
 {¶ 44} Appellant further asserts that he has demonstrated that the board was prejudiced against him because the common pleas court found no reliable, probative or substantial evidence to support several of the board's conclusions. Appellant's proposition suggests that a superior court's finding of insufficient evidence to support a lower tribunal's judgment, is in itself evidence of a biased or prejudiced tribunal. We refuse to so hold and read Withrow and its progeny as requiring a challenging party to identify actual instances of bias or prejudice of one or more individual board member to establish a due process violation. Appellant has not identified any such bias or prejudice in this case. Indeed, while the complaint was issued on behalf of the board, it was issued following an investigation by Sean Rizer, an investigator with the BMV in Toledo. Rizer testified at the hearing before the board. He does not sit on the board.
 {¶ 45} We therefore cannot say that appellant's due process rights were violated when the board proceeded with the administrative hearing against appellant and the third assignment of error is not well-taken.
 {¶ 46} Appellant's fourth and fifth assignments of error are related and will be addressed together. The lower court concluded that there was reliable, probative and substantial evidence to support the board's finding that appellant violated R.C. 4517.44 and Ohio Adm. Code 501:1-3-04 by failing to keep an odometer mileage disclosure statement for the 1991 Buick Regal. Appellant asserts first that he did not violate these statutes because the mileage for the Buick Regal was listed on the bill of sale, and *Page 15 
second, that he had no duty to have an odometer disclosure statement for the Buick Regal in his records at the time of the investigation.
 {¶ 47} R.C. 4517.44 reads in relevant part:
 {¶ 48} "(A) No manufacturer or distributor of motor vehicles, dealer in motor vehicles, or manufactured home broker, nor any owner, proprietor, person in control, or keeper of any garage, stable, shop, or other place of business, shall fail to keep or cause to be kept any record required by law."
 {¶ 49} The records required by law are set forth in Ohio Adm. Code 501:1-3-04 as follows:
 {¶ 50} "(A) A motor vehicle dealer, a motor vehicle auction owner, a manufactured home broker, and a motor vehicle distributor shall maintain the following records of all motor vehicles purchased, leased and sold:
 {¶ 51} "(1) Name and address of the previous owner;
 {¶ 52} "(2) Serial number (vehicle identification number);
 {¶ 53} "(3) Title number, county and state;
 {¶ 54} "(4) Year and make of said vehicle;
 {¶ 55} "(5) A purchase agreement for each vehicle sold, which shall include a description of the vehicle, the name and address of purchaser, the sales price, the odometer reading, and may include the dealer's or broker's permit number;
 {¶ 56} "(6) Lease contracts; *Page 16 
 {¶ 57} "(7) Odometer disclosure statement for each vehicle, except that a manufactured home broker is not required to generate or keep this record;
 {¶ 58} "(8) A record of temporary tags sold on each vehicle except that a manufactured home broker is not required to generate or keep this record."
 {¶ 59} Appellant maintains that because the mileage information for the Buick Regal in question was stated on the bill of sale, or purchase agreement, he fully complied with the above statutes. The record reveals that while appellant did include the mileage information on the bill of sale, his records relating to the Buick Regal included a form entitled "Odometer Disclosure Statement" that was signed by Maria Jones and left blank in all other respects. R.C. 4517.32 allows the board to make such reasonable rules as are necessary to carry out and effect its duties under Chapter 4517 of the Ohio Revised Code. Ohio Adm. Code 4501:1-3-04
is such a rule. In reviewing the entire rule, it is clear that the board intended motor vehicle dealers to list the odometer reading on the purchase agreement and maintain a separate odometer disclosure statement.
 {¶ 60} Appellant further asserts that pursuant to R.C. 4505.06(C)(1), he had no duty to have an odometer disclosure statement for the Buick Regal in his possession until the title to the Buick was transferred to him. Because the title had not been transferred to him from Ed Schmidt's Pontiac, from whom he purchased the vehicle, at the time he was investigated by the board, appellant claims that he was under no duty to have an odometer disclosure statement in his possession. We disagree. *Page 17 
 {¶ 61} R.C. 4505.06 deals with applications for certificates of title to motor vehicles. Paragraph (C)(1) of that statute sets forth special notations that must be included on certificates of title when an odometer reflects mileage in excess of the designed mechanical limit of the odometer and/ or when the odometer reading does not reflect the actual mileage of the motor vehicle. A motor vehicle dealer's duty to maintain records, as set forth in R.C. 4517.44 and Ohio Adm. Code 501:1-3-04, is separate and independent of any duty set forth in R.C. 4505.06. James McCune admitted at the hearing below that he sold the Buick Regal to Maria Jones and that the incomplete odometer disclosure statement was in his records regarding that sale. Accordingly, the lower court did not abuse its discretion in concluding that the board's determination that appellant failed to maintain records was supported by reliable, probative and substantial evidence. The fourth and fifth assignments of error are not well-taken.
 {¶ 62} In his sixth assignment of error, appellant challenges the lower court's judgment affirming the board's revocation of appellant's license pursuant to R.C. 4517.12(A)(2) and 4517.33.
 {¶ 63} R.C. 4517.12(A)(2) provides that "[t]he registrar of motor vehicles shall deny the application of any person for a license as a motor vehicle dealer * * * and refuse to issue the license if the registrar finds that the applicant * * * [h]as not complied with sections 4517.01 to 4517.45 of the Revised Code." R.C. 4517.33 then reads in relevant part: *Page 18 
 {¶ 64} "The board shall suspend or revoke or notify the registrar to refuse to renew any dealer's * * * license, if any ground existed upon which the license might have been refused, or if a ground exists that would be cause for refusal to issue a license.
 {¶ 65} "The board may suspend or revoke any license if the licensee has in any manner violated the rules issued pursuant to sections 4517.01
to 4517.65 of the Revised Code, or has violated section 4501.02 of the Revised Code, or has been convicted of committing a felony or violating any law that in any way relates to the selling, taxing, licensing, or regulation of sales of motor vehicles."
 {¶ 66} Because there was reliable, probative and substantial evidence to support the board's conclusion that appellant failed to maintain the records that he was required to maintain, the board had the authority to revoke his used motor vehicle dealer's license. Accordingly, the lower court did not abuse its discretion in affirming the revocation, and the sixth assignment of error is not well-taken.
 {¶ 67} In his seventh and eighth assignments of error, appellant challenges the lower court's judgment affirming the board's revocation on the ground that appellant was convicted of violating R.C. 4505.18(A)(2) and on the ground that appellant committed a fraudulent act. Because we find that the board had the authority to revoke appellant's license as discussed above, we need not address these alternate bases for challenging the revocation and find the seventh and eighth assignments of error moot and not well-taken.
 {¶ 68} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common *Page 19 
Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 1